Aetna Insurance Company v. L. F. Holcomb.

No. 357.—Decided March 26, 1896.

1. **Absence of Findings of Facts by Court of Civil Appeals.**

Where no findings of fact have been made by the Court of Civil Appeals upon. an issue it is the practice of the Supreme Court to consider. the uncontroverted evidence in the record pertinent to the issue. The absence of findings of facts in such case is not material. (P. 408.)

2. **Mortgage—Record as Notice.**

The classes of persons to whom notice was to be given by the record of a mort-- gage were creditors of the mortgagor, subsequent purchasers and mortgagees or lien-holders in good faith. Such record does not affect an insurance policy upon personal property, under a chattel mortgage when insured. (Pp. 408 to 410.)

3. **Waiver—Pleading.**

The waiver by an insurance company of a breach of the conditions of the policy. sued on must be pleaded in order to admit proof of such waiver. (P. 410.)

4. **Contract—Ignorance of Terms Of.**

The holder of an insurance policy is bound by its terms whether he read it or not, when no facts are shown which prevented him from doing so. (P. 410.)

5. **Warranties in Policy.**

The fact that the plaintiff did not know the contents of the policy sued on will. not relieve him from the binding force of the warranties contained in it. If, however, the insurer, knowing of the existence of a fact at the time of the issuance of the policy, inserted therein a warranty against its existence by the insured the court will hold it to have been waived. (P. 410.)

6. **Inquiry—Duty of Insurance Agent.**

It does not devolve upon the insurer (insurance agent) to make inquiry as to the. existence of mortgages or other liens upon property insured, when no written or printed application is presented by the insured. (P. 412.)

7. **Fact Case—Waiver.**

See facts upon which it is held that it does not appear, as matter of fact or of law, that the insurer waived the clause as to incumbrances, or that it did not intend to insist upon such clause inserted in the policy. (Pp. 412, 413.)

Error to Court of Civil Appeals for Second District, in an appeal from Denton County.

Suit by Holcomb against the insurance company to recover loss by fire upon a policy on personal property. Defendant set up the existence of a. chattel mortgage against the property and a condition in the policy making it void in such case. Plaintiff recovered judgment, and defendant appealing, this was affirmed by the Court of Civil Appeals, whereupon appellant procured writ of error.

*Harris & Knight,* for plaintiff in error.—The policy of insurance when. accepted expresses the contract of the parties. The assured is estopped

from denying knowledge of its contents in the absence of fraud or mutual mistake. Morrison v. Ins. Co., 69 Texas, 353; Tel. Co. v. Edsall, 63 Texas, 669; 1 Wood on Fire Ins. 8; 2 Wood on Fire Ins. secs. 506, 532; Cleaver v. Ins. Co., 15 Am. St. Rep., 275; Ins. Co. v. Gibbons, 19 Am. St. Rep., 118, and cases on page 122.

To authorize the reformation of a policy of insurance or to eliminate any of its covenants or provisions there must be proof of a mutual mistake, or mistake on one side and fraud on the other, and such reformation is not authorized on the mere ground that the assured did not know of the provisions in the policy. 2 Woods, sec. 506; Bryce v. Ins. Co., 55 N. Y., 240; Clements Digest, p. 93.

Assent of the assured to the terms and conditions of the policy sued upon is conclusively presumed when he has had an opportunity to examine the contract, in the absence of such fraud or mutual mistake as would reasonably excuse him from so doing. Morrison v. Ins. Co., 69 Texas, 353; Ryan v. Railway, 65 Texas, 13; Hutch. on Carriers, secs. 239, 240; Lawson Con. Car., sec. 102.

If a contract of insurance is made, without the present issuance of the policy or without an express agreement respecting the terms and conditions of the contract, the contract implied is one upon the usual terms and subject to the usual conditions and covenants, and therefore, although the parties to this suit may not have agreed that the condition respecting incumbrances should be inserted in their contract, and may not have agreed upon any of the terms and conditions of such contract, they are presumed, in the absence of clear testimony to the contrary, to have contracted for a policy containing the usual and customary terms and conditions, and the policy sued upon containing the usual and customary covenants against incumbrances, the appellee is conclusively presumed to have consented to the same, although he may not have agreed upon it and may have never read or had an opportunity to read his policy, and the result would be the same if no policy of insurance had in fact been issued. Karelsen v. Ins. Co., 122 N. Y., 545; Phil. on Ins., sec. 15; Clement's Fire Ins. Dig., pp. 57, 58, 59; Angel on Ins., sec. 37; Eames v. Ins. Co., 4 Otto, 621; Ins. Co. v. Porter, 3 Grant Cas., 123; Ins. Co. v. Robinson, 56 Pa. St., 256; s. c., 94 Am. Dec., 65; Ins. Co. v. Favorite, 46 Ill., 263; Hubbard v. Ins. Co., 33 Iowa, 325, s. c., 11 Am. Rep., 125; Degrove v. Ins. Co., 61 N. Y., 594, s. c., 19 Am. Rep., 305.

*Owsley & Ragsdale,* for defendant in error.—When a chattel mortgage is deposited and filed in accordance with the provisions of the Act of April 22, 1879, all persons are thereby charged with notice thereof and insurance companies and their agents are affected with such notice. Act of 1879, relating to chattel mortgages, sec. 7, 16 Leg., 134; Sayles' Ann. Stat., 3190 b., sec. 7, 103.

At the time appellant delivered the policy of insurance herein sued upon and received from appellee the premium mentioned therein it was charged with full notice of the two chattel mortgages now relied upon by it to

defeat said policy. Sayles' Ann. Stats., 3190 b., sec. 7, p. 103; Wright v. Ins. Co., 19 Law Rep. Ann., 211.

The court did not err in holding, from the facts found, that the defendant waived the provisions of the policy in reference to incumbrances on the insured property. Sayles' Ann. Stat., 3190 b. sec. 7, page 103; Clark v. Ins. Co., 7 How. (U. S.), 249; Wright v. Ins. Co., 19 Law. Rep. Ann., 211; 31 Pac. Rep., 87; Ins. Co. v. Niewedde (Ind. App.) 39 N. E. Rep., 534; Guest v. Ins. Co., 33 N. W. Rep., 31; Van Kirk v. Ins. Co. (Wis.), 48 N. W. Rep., 798; Beal v. Ins. Co. 82 Am. Dec., 721; Phil. Tool Co. v. Assur. Co., 132 Pa., 236; O'Brien v. Ins. Co., 17 N. W. Rep., 726; Hall v. Ins. Co., 53 N. W. Rep., 728; Tiefenthal v. Ins. Co., 19 N. W. Rep., 9; Short v. Ins. Co., 90 N. Y., 19; McGonigle v. Ins. Co., 31 Atl. Rep., 868; Ins. Co. v. Malevinski, 6 Texas Civ. App., 81; Ins. Co. v. Campbell, 3 Willson's C. C., 407; Ins. Co. v. Hoffman, 18 Atl. Rep., 397; 1 Wood on Insurance, secs. 218, 240.

BROWN, ASSOCIATE JUSTICE.—L. F. Holcomb filed his petition in the District Court of Denton County against the defendant insurance company, alleging it to be a corporation doing business in this State, with an office and agent in the County of Denton. The petition alleged that on July the 5th, 1893, the defendant, in consideration of the sum of $43.10 paid to it, by the plaintiff, executed and delivered to the plaintiff a certain policy of insurance, duly signed by the proper officers of the company, by which policy the defendant insured the plaintiff for the term of one year against all loss or damage by fire to an amount not exceeding $3450.00 to certain property described in the petition, consisting of stallions, jacks and feed, and on harness and wagons while contained in the building in the petition described. The petition alleged the destruction of the property by fire during the continuance of the policy, the making of proofs of loss and the giving of notice of fire required by the terms of the policy, and prayed for judgment for the sum of $3450.00, with interest. Defendant answered by general denial and by special answer setting up several grounds of defense, not necessary to be mentioned. Among other things it was alleged that the property described in the policy of insurance was encumbered by two chattel mortgages executed by the plaintiff, one to the Denton County National Bank for $1300.00, and, also, a chattel mortgage upon one of the animals given to H. C. Clark for $500.00, both of which chattel mortgages were alleged to be in full force at the time the policy was issued and unknown to the insurance company. The answer set up a condition of the policy, which, so far as it applies to the questions presented, is as follows: "That the entire policy, unless otherwise provided by an agreement endorsed thereon or added thereto, shall be void * * * if the subject of insurance be personal property and be or become encumbered by a chattel mortgage." The plaintiff filed a supplemental petition containing exceptions to the defendant's answer, and alleged in substance that the defendant company examined the property insured and issued the policy after a full examina-

tion of the same. That the chattel mortgages mentioned in the defendant's answer were duly registered in the office of the clerk of the County Court of Denton County, Texas, as the law directs, and that the defendant thereby had full notice thereof; and if the defendant did not have actual notice thereof it was the fault of its agent issuing the policy, because he did not inquire of the plaintiff concerning said mortgages, and the plaintiff fully and truly answered all inquiries made of him by the agent before the policy was issued. That the defendant by its said agent issuing said policy delivered the policy in a sealed envelope, so that the plaintiff did not read the same and was wholly ignorant of the provision of the policy, relied on by the defendant as a defense in this cause, and was so kept ignorant thereof by the said acts of the agent until after the fire occurred. That in issuing and delivering the policy at the time the property was mortgaged, without examining the records of mortgages or inquiring thereof, and in delivering the policy sealed and receiving the premium for said insurance, the said defendant consented to said mortgages and waived said provisions in said policy.

The facts in the case were undisputed and are as follows: The defendant issued the policy of insurance as alleged by the plaintiff, which contained the conditions alleged by the defendant. At the time of the issuance of the policy sued on and at the time of the loss thereunder all the live stock mentioned and described therein was encumbered by chattel mortgage executed by the plaintiff to the Denton County National Bank on May 20th, 1893, to secure a debt of $1300 due by the plaintiff to said bank. This mortgage was duly filed and registered as a chattel mortgage in the office of the Clerk of the County Court of Denton County, May the 20th, 1893. The jack, "Cleveland," described in said policy, was also encumbered at the time of the issuance of the policy and the loss by a valid chattel mortgage executed by plaintiff to H. C. Clark, on June 9, 1892, to secure a debt of $500. This mortgage was duly filed and registered as a chattel mortgage in the office of the Clerk of the County Court of Denton County on June 9, 1892. The defendant had no actual notice of the mortgages, and did not examine the record, made no inquiry of the plaintiff as to the existence of mortgages, and plaintiff said nothing about mortgages. Plaintiff requested defendant to deliver the policy to I. B. Walker, at the Denton County National Bank, where plaintiff kept all of his valuable papers. It was so delivered in a sealed envelope on the day of its issuance. Defendant's agent sealed the envelope, as he usually did when he delivered policies at said bank, because Mr. Davenport, an officer of the bank, was an insurance agent and competitor for business, and defendant's agent did not wish him to see the date of the expiration of the policy; defendant's agent did not know that the bank had any interest in the policy, and understood that it was to be left there for safe-keeping; the policy was on the usual printed form always used by defendant, and the printed conditions were similar to those contained in all fire insurance policies. The property mentioned in the

policy was destroyed by fire on July 15, 1893, and was of the market value alleged in the petition; proofs of loss were made by the plaintiff in due form within the time required by law; the defendant did not require plaintiff to make a written application for the insurance, and the defendant's agent examined the property before issuance of the policy. Plaintiff paid the premium, $43.10, after he was notified by defendant of the delivery of the policy to Walker on July 5, 1893, and was then notified by defendant's agent that the policy was delivered in a sealed envelope; the plaintiff did not, in fact, see the policy until after the fire. The case was tried before the court and a judgment rendered for the plaintiff, which judgment was affirmed by the court of civil appeals.

The plaintiff in error assigns the following grounds in its application to this court for writ of error:

1. The Court of Civil Appeals erred in not making the additional findings prayed for in plaintiff's motion therefor.

2. The Court of Civil Appeals erred in holding that the defendant by making a personal examination of the property waived a condition in the policy relating to title and encumbrances.

3. The court erred in holding that the ignorance of plaintiff of the condition of the policy operated to relieve him from the effects of such conditions.

4. That the Court of Civil Appeals erred in holding that the record of the chattel mortgage was notice to the defendant that the property was encumbered.

5. That the court erred in holding that the defendant retained the premium paid by plaintiff and was thereby estopped from defending under the conditions of the policy, and especially because no such waiver was pleaded.

The first ground of error presented by the application is that the Court of Civil Appeals refused to find additional conclusions of fact in response to the motion made by the applicant. In this case it is unimportant for the reason given by the Court of Civil Appeals in the following language: "The facts are uncontroverted, and the record contains a concise statement thereof." It is the practice of this court to consider the uncontroverted evidence pertinent to the questions before the court, when no findings of fact have been made by the Court of Civil Appeals upon such issue.

Plaintiff in error complains that the Court of Civil Appeals held that the record of the mortgages operated as notice to the agent of the insurance company. Upon examination of the opinion of the Court of Civil Appeals and the conclusions of fact and law filed by the trial court, we conclude that neither court intended to hold that the record of the mortgages operated as notice to the insurance company, but that the fact of the record being in existence and accessible to the agent was a circumstance considered with others in determining whether the agent had waived the condition of the policy providing for a forfeiture in case of the existence of a mortgage upon the property insured. As the judgment

must be reversed ánd the cause remanded for another trial, we think it proper to pass upon that question.

Article 3334, Rev. Stat., is in this language: "Chattel mortgages and other instruments intended to operate as mortgages of or liens upon personal property shall not hereafter be recorded at length, as heretofore required, and when deposited and filed in accordance with the provisions of this act shall have the force and effect heretofore given to a full registration thereof, and all persons shall be thereby charged with notice thereof, and of the rights of the mortgagee, his assignee or representative thereunder, etc." The effect given to the full record of mortgages, as referred to in the preceding article, is prescribed by article 4334, Sayles' Rev. Stat., in this language: "Every conveyance, covenant, agreement, deed, deed of trust or mortgage in this chapter mentioned, which shall be acknowledged, proved or certified according to law, and delivered to the clerk of the proper court to be recorded, shall take effect and be valid as to all subsequent purchasers for a valuable consideration, without notice, and as to all creditors, from the time when such instrument shall be so acknowledged, proved or certified, and delivered to such clerk to be recorded, and from that time only." Article 3328, Rev. Stat., provides: "Every chattel mortgage, deed of trust or other instrument of writing intended to operate as a mortgage of, or lien upon personal property which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making same, and as against subsequent purchasers and mortgagees or lienholders in good faith, unless such instrument or a true copy thereof shall be forthwith deposited with, and filed in, the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this State, then of the county of which he shall at the time be a resident." It was intended by article 3190b, sec. 7 [3334], to give to a chattel mortgage deposited with the clerk and recorded as prescribed in that act, the same effect that it would have had if recorded at length, as prescribed by article 4334 [4642], which is, that it should be notice from the time it was deposited with the clerk to be recorded. The language "and all persons shall be thereby charged with notice thereof" was not intended to enlarge the scope of the notice, but the succeeding language, "and of the rights of the mortgagee, his assignee or representative, etc.," clearly indicates the rights of which notice is to be given, which, taken in connection with section 1 [3328] of the same article, shows that the classes of persons to whom notice was thus to be given, were creditors of the mortgagor, subsequent purchasers and mortgagees or lienholders in good faith.

We are cited to the case of Wright v. Fire Association, 19 Law. Rep. Ann., 211, to sustain the position that the record of a chattel mortgage operated to give notice to the agent of an insurance company in issuing a policy of insurance upon property embraced in such mortgage. It is doubtful if the court in that case intended to hold such to be the effect of the

record of a mortgage. If, however, the case does so hold, we do not consider it sound in this regard. It is directly opposed to the following cases, which we think founded upon better reason: Mutual Ins. Co. v. Deal, 18. Md., 26; Maul v. Rider, 59 Pa. St., 167; Ins. Co. v. Niewedde, 39 N. E. Rep. (App. Ct. of Ind.), 757; Wick v. Ins. Co. (Iowa), 57 N. W. Rep., 662.

It is assigned as error that the Court of Civil Appeals held that by retaining the premium the insurer waived the breach of the condition of the policy set up by it, because the plaintiff's petition contained no allegation of such waiver under which testimony could be admitted. It is well settled that a waiver by the company of a breach of the conditions of the policy must be pleaded in order to admit proof of such waiver. (Ins. Co. v. Brown, 82 Texas, 535.) We do not, however, find that any evidence was admitted upon this question, and the matter complained of seems to be merely a remark of the judge in delivering the opinion of the court.

The remaining grounds assigned may be stated in the proposition that the Court of Civil Appeals and the District Court erred in holding that the defendant had waived and did not intend to rely upon the condition expressed in the policy of insurance, by which the existence of a mortgage upon the property would render the policy void.

The district judge filed the following conclusions: "The defendant having requested the court to file conclusions of law and fact, the court now here adopts the statement of facts as his conclusions of fact, deeming the same sufficiently precise and definite without further 'elimination.' The court concludes, as a matter of law, from the facts found, that the defendant waived the provisions of the policy in reference to ownership, title and incumbrances, to which defendant excepts."

Both the trial court and Court of Civil Appeals held as matter of law that the defendant had waived and did not intend to insist upon the warranty set up as a defense. Before proceeding to examine this proposition, we will state some general principles of law which we think will aid in arriving at a correct conclusion upon the question.

The policy was delivered at the place and to the person named by the plaintiff and he is bound by its terms, whether he read it or not, there being no facts shown which prevented him from doing so. (Morrison v. Ins. Co., 69 Texas, 353; Goddard v. Ins. Co., 67 Texas, 71; Ins. Co. v. Gober, 50 Ga., 404; Cleaver v. Ins. Co., 71 Mich., 414; Bonneville v. Ins. Co., 68 Wis., 298; Quinlan v. Ins. Co., 133 N. Y., 356; Ins. Co. v. Swank, 102 Pa., St., 17.) The fact that the plaintiff did not know the contents of the policy will not relieve him from the binding force of the warranty contained in it. He could have read it if he had desired to do so. If, however, the insurer knew of the existence of the incumbrance at the time, courts will hold it to have been waived. It will not be presumed that the party making the contract intended to perpetrate a fraud by putting in a condition which he knew would prevent it from taking effect. (Ins. Co. v. Ende, 65 Texas, 123.) But a waiver does not arise where the insurer is ignorant of the condition of the property against which the warranty is intended to provide. (2 Wood Ins., pp. 1151 and 1152.)

Do the facts stated in the agreement made by the parties show that the insurer did not intend to insist upon the warranty embraced in the policy against incumbrances existing at the time upon the property? In support of the ruling of the Court of Civil Appeals we are referred to a number of authorities, of which we regard the following as bearing most directly upon the question to be determined: Wright v. Assurance Co., 19 Law Rep. Ann., 211; Ins. Co. v. Niewedde, 39 N. E. Rep., 534; Short v. Ins. Co., 90 N. Y., 16; Ins. Co. v. Munns, 120 Ind., 30; Phila. Tool Co. v. Assurance Co., 132 Pa. St., 236. The cases of Insurance Company v. Niewedde and Wright v. Assurance Co., above cited, fully sustain the ruling of the Court of Civil Appeals.

The question involved in the case of Insurance Co. v. Munns was entirely different from that now before the court. In that case the owner of the property had insured it and received the policy containing a condition against future incumbrances, after which he mortgaged the property and then sold it, assigning his policy to his vendee with the consent of the insurer. The property having been destroyed by fire and suit filed against the insurance company by the assignee, the defendant set up the forfeiture occasioned by the mortgage placed upon the property before the assignment of the policy. The court held that the assignment of the policy with the consent of the insurance company constituted a new contract with the assignee, and that it was not affected by the previous forfeiture accruing by reason of the mortgage made by the party originally insured. It is true that in that case the court uses language which indicates that it was the duty of the insurance company to make inquiry as to the condition of the property, but an examination of the case will show that the expression had reference to a different clause of the policy and not to the warranty then being considered.

In Short v. Insurance Company, the agent who issued the policy testified as stated in substance by the court that, "for the purpose of making out the policy when no written application is presented, he makes inquiries and memoranda of such matters as he deems important and to suit himself, and that he did so in this case," and the court said "being in the same city and knowing where the premises were situated with ample opportunity to ascertain their condition, it is perhaps a legitimate inference that he did not deem it important or material and made the insurance without regard to its occupation. At least there was some evidence in this direction, and such being the case, it was a question of fact for the jury to determine whether the defendant's agent knew the condition of the premises or regarded it of any consequence whether the premises were occupied or otherwise, and made the insurance without any reference whatever to the subject of occupation. If he did so, then the condition as to future vacancy or non-occupation was nugatory and may be regarded as waived.

In the case of Philadelphia Tool Co. v. The Assurance Co., a policy had been issued upon certain tools, machinery and buildings. The policy contained the condition that if the buildings were situated upon leased

land the entire policy should be void. The plaintiff recovered for the insurance upon the personal property alone. The defendant insisted that the policy was void as a whole. The Supreme Court of Pennsylvania held that the policy was valid and gave judgment upon the verdict for the value of the personal property insured, and in course of the opinion used language which would seem to indicate that in the opinion of the court the duty rested upon the company to inquire into the state of the title and that it will be presumed that the policy was issued upon the knowledge of the agent of the insurer.

Eliminating the record of the chattel mortgages from this case, the judgment cannot be sustained upon the evidence, except upon the ground that it was the duty of the agent of the insurer to inquire as to the existence of the chattel mortgages upon the property insured. The evidence shows upon this question that the defendant's agent "examined the property and made no inquiry as to the existence of the mortgage." The examination of a horse could furnish no notice of the existence of an incumbrance upon it as would the examination of a house show the fact that it was vacant, hence, such examination could not be notice of what it would not disclose. There being no acts done by the agent from which a waiver or estoppel could arise, we come to the question, was it the duty of the agent to inquire as to the incumbrance upon the property insured?

That such duty does not devolve upon the insurer when no printed or written application is presented is supported by the best authorities, of which we cite the following: McFarland v. Ins. Co., 46 Minn., 519; Wilcox v. Ins. Co. (Wis.), 55 N. W. Rep., 188; Sanders v. Cooper, 115 N. Y., 279; Beck v. Ins. Co., 44 Md., 95; Ellis v. Ins. Co., 68 Iowa, 578; 56 Am. Rep., 865.

We think that the contention that it was the duty of the agent of the insurance company to inquire as to the existence of incumbrances, is in conflict with the well-settled principle that in the absence of a written application, a warranty of this character is binding upon the insured, whether he is aware of its existence or not; for, if it be held that it was the duty of the insurer to make inquiry as to the existence of the mortgages, the same rule must apply to all other warranties relating to the condition of the property at the time that the policy is issued, and the result would be that the insurer would be held to waive the warranty when he did not know the existence of the thing to which the waiver applied. It would follow, that if the insurer did not inquire as to the condition of the property, the warranty would be waived, and if he did inquire and was informed of the facts, it would also be waived; from which it would likewise follow that the insured could only be bound by a warranty contained in his policy in case he made false representations or was guilty of concealment upon inquiry made of him by the insurer, thus all warranties would be converted into representations and the binding force of warranties as such destroyed. It is a legitimate subject of legislation but not within the power of courts to so change the law. We conclude that upon the

facts of the case as presented here it does not appear as a matter of fact or law, that the insurer waived the clause or that it did not intend to insist upon it when it was inserted in the policy, and that the law does not require that it should have made inquiry as to incumbrances.

While it was not incumbent upon the agent of the insurance company to inquire as to the existence of incumbrances upon the property, yet if the agent did enter upon such examination and make such inquiry with reference to the property as justified the insured party to believe that he was informing himself of all matters material to the risk and was relying upon such information, the insured might, under such circumstances, consider the warranty waived, that is, that it was not intended to be insisted upon by the insurance company, and under such circumstances the fact that he had not read his policy might be material in connection with the other proof in determining his rights thereunder for the reason that relying upon the acts of the agent it would not be necessary for him to examine the policy to ascertain the terms upon which it was made.

The District Court and the Court of Civil Appeals erred in holding that under the facts of this case the warranty had been waived by the insurance company, and the judgments of both courts are reversed and this cause remanded for further trial.

*Reversed and remanded.*