**GENERAL LIFE INS. CO. v. MATHES et al.**

**No. 1610.**

Court of Civil Appeals of Texas. Eastland.

Dec. 18, 1936.

Rehearing Denied Jan. 15, 1937.

Childers & Shaw, of Abilene, for appellant.

M. Smith, of Hamlin, for appellees.

GRISSOM, Justice.

After the death of Alton C. Mathes, E. Autry Mathes, joined by her husband, sued the General Life Insurance Company on a group policy issued by it insuring the lives of her husband, her child, and her brother-in-law (the said Alton C. Mathes), in which she was designated as beneficiary. A nonjury trial resulted in judgment for the plaintiffs against the defendant. No findings of fact or conclusions of law were filed. The insurance policy contained the following provisions:

"No obligation is assumed by the company prior to the date of this policy, nor unless on said date each and all of the insured persons named herein are alive and in sound health."

"No agent has the power to modify this policy, to extend the time of payment of premiums, to waive any forfeiture, to bind the company by making any promise or representation. Any modification in this policy must be made at the home office of the company and be signed by the president or secretary."

The application for the policy signed by the beneficiary provides: "We * * * do hereby make application for a policy * * * *based upon* our answers to the following questions, and *all statements and representations herein contained,* which we represent to be true."

The application contained the question whether all of the applicants, which included Alton C. Mathes, were in good health. The question was answered "Yes." The application *as written* further recites that none of the applicants had consulted a physician during the past two years; that none of the applicants had, or had ever had, tuberculosis. The application contains the further provisions:

"This application imposes no liability upon the company, unless and until the same is accepted by the Home Office of the company, and a policy is actually issued and delivered into the manual possession of the applicants, while said applicants are

·still living and in good health. The applicants assume the entire responsibility and burden of making full and true statements as to their bodily health, physical condition and history, and of fully informing themselves with reference thereto, before signing and delivering this application, and said applicants agree that no lack of knowledge shall excuse them for any error or misrepresentation herein contained. Each statement *in the application contained* is a part of the contract of *insurance.* If said applicants sign this application, and knowingly or unknowingly to them misrepresent any facts, or fail to ·make full disclosures of any facts, the policy issued hereunder is void, regardless of who may have written the answers to the questions herein, or who may have had knowledge of such misrepresentations."

"If a valid policy shall be received into the actual manual possession of the applicants, while said applicants are still living and in good health, said applicants shall then become policyholders of the company, and their rights, privileges and immunities shall be governed and controlled by the application and the policy issued thereon."

"We hereby state that we have convinced ourselves that all questions in the above application, from one to seven inclusive, are answered in full and *that the answers written* to these questions, were made by us, and that we fully understand the importance of each question and answer, and the balance of this application before signing and delivering the same." (Italics ours.)

The following facts are either admitted or undisputed: (1) That the defendant is a mutual assessment company operating under House Bill 303 (Acts 1933, c. 245), as amended in 1935 (Vernon's Ann. Civ.St. art. 4859f); (2) that at the time of the signing of the application by E. Autry Mathes, and at the time of the receipt by her of the policy, Alton C. Mathes was not in good health, but was then, and had been for approximately two years, suffering from tuberculosis, which fact was known at all of said times to the plaintiffs; (3) at some time after the delivery of the policy and before the death of Alton C. Mathes the plaintiffs read the insurance policy; (4) the application was attached to and made a part of the insurance policy; (5) the application was made and signed about the 7th day of August, 1934. The policy was issued August 15, 1934, and was

thereafter delivered into the manual possession of the plaintiffs. (6) Alton C. Mathes died January 1, 1935, the cause of his death being tuberculosis.

It was the contention of the plaintiffs, supported by testimony sufficient to justify the finding of the truth thereof, that a soliciting agent of the defendant company solicited business from the plaintiffs, and was, in substance, informed by them of the fact that Alton C. Mathes was then suffering from tuberculosis, and had been for a considerable time, and was then in a hospital because of such disease; that plaintiffs were assured by said agent that the company had a policy fitting the situation and would issue a policy covering the life of Alton C. Mathes, which policy would be collectible in the event of his death; that plaintiffs in good faith believed said statements and relied thereon; that plaintiffs, especially the beneficiary, made true answers to the questions propounded to her by the agent; that the answers to the questions contained in the application were falsely written therein by said agent; that the beneficiary signed said application without actual notice of said false answers and in good faith; that neither of the plaintiffs read said application before it was signed but relied upon the good faith and skill of the agent in filling in the application. Testimony to such effect was disputed by the agent.

■ There being no findings of fact, we will consider the case as if all disputed facts were found favorably to the plaintiffs.

■ We believe it evident that the application warrants not only that the statements made to the questions ·propounded to the applicants are true, but further that the answers as written and contained in the application are true. The statement (found in the application as actually written) that Alton C. Mathes was in good health, that he had not consulted a physician during the last two years, that he did not have, and had never had, tuberculosis, are representations of facts unquestionably material to the risk to be assumed by the company in issuing the policy, and said answers as actually written in the application are false. Alton C. Mathes was not in good health at any of the times mentioned. He had consulted physicians during the two years preceding the date of the application. He had tuberculosis at said time and had suffered from said

disease for about two years prior thereto, and his death was caused by said disease within less than five months thereafter.

The Supreme Court of Texas has pointed out in several instances the distinction between a warranty by an applicant for insurance that his answers to the agent were correct and a warranty that the answers *as written in the application* (upon which application the insurance company is to act in deciding whether or not to issue the policy) is correct. In Schumann v. Brownwood Mut. Life Ins. Ass'n (Tex. Com.App.) 286 S.W. 200, 202, in discussing the duty of the insured to read his application before he signed it, the court said that such duty depended upon whether the insured so agreed in the contract. In discussing the distinction mentioned above it was said: "It will be seen that Schumann did not warrant that the agent had correctly written his answers, but only that his answers, as made by him, were true and correct. Bearing these distinctions in mind, our Supreme Court, in the Hazlewood Case [75 Tex. 338, 12 S.W. 621, 7 L.R.A. 217, 16 Am.St.Rep. 893], supra, said: 'We think there is a material difference between the undertaking by the insured in that case and in the one before us. In that case he agreed that he would be bound by the statements as written down, and that no statements not written down should be binding on the company or in any manner affect its rights. In the case before us the agreement of the insured was that his answers made or to be made to the medical examiner were warranted to be true. He did not warrant that his answers would be written down correctly by the medical examiner, or that the answers given by him would be correctly reported to the company.'" See Equitable Life Ins. Co. v. Hazlewood, 75 Tex. 338, 12 S.W. 621, 7 L.R.A. 217, 16 Am.St. Rep. 893.

Under a comparable fact situation, the Commission of Appeals in an opinion by Judge German, in Texas Mut. Fire Ins. Co. v. Richbourg, 257 S.W. 1089, 1091 (speaking of the result of incorrect or untrue statements written in the application wherein the correctness of the answers as written is warranted), said: "This made it the imperative duty of the defendant in error [the applicant] to read the policy and verify the statements and representations it contained. However, as said by the Supreme Court in the case of

Insurance Company v. Holcomb, supra [89 Tex. 404, 34 S.W. 915]: 'He is bound by its terms, whether he read it or not, there being no facts shown which prevented him from doing so. * * * The fact that' he 'did not know the contents of the policy will not relieve him from the binding force of the warranty contained in it. He could have read it if he had desired to do so.' It follows, therefore, that, whether he reads the policy or not, with it in his possession, containing the application with the questions and answers, he adopted them as his own and ratified the contract in the form and with the terms as it existed at the time it was delivered to him." See Aetna Ins. Co. v. Holcomb, 89 Tex. 404, 34 S.W. 915; Sov. Camp W. O. W. v. Lillard (Tex.Civ.App.) 174 S.W. 619 (writ denied).

In Home Ins. Co. v. Lake Dallas Gin Co. et al. 93 S.W.(2d) 388, 391, the Commission of Appeals, in an opinion by Judge Taylor, adopted by the Supreme Court, said: "Regardless of whether plaintiffs signed the applications in question without reading same, or had read the policy contract sued upon and actually knew what it stipulated, they were bound by its terms." Also see Rockford Life Ins. Co. v. Tschiedel (Tex.Civ.App.) 61 S.W.(2d) 536, 538; Supreme Lodge, Knights & Ladies of Honor v. Payne, 101 Tex. 449, 108 S.W. 1160, 15 L.R.A.(N.S.) 1277; Sov. Camp, W. O. W., v. Harmon (Tex.Civ.App.) 246 S.W. 704; Southern Surety Co. v. Benton (Tex.Com.App.) 280 S.W. 551, 553; American Nat. Ins. Co. v. Ball (Tex.Civ. App.) 218 S.W. 71; 24 Tex.Jur. § 177, p. 923; 10 Tex.Jur. p. 98, 99, § 57; 81 A.L. R. 833, Annotation.

Under the facts of this case, and giving effect to the law as declared by the Supreme Court of this state in the authorities cited, we think it necessarily results that the plaintiffs were bound by the answers as written in the application, and that therefore, as a matter of law, plaintiffs were precluded from a recovery on the policy.

The case of Terry et ux v. Texas Prudential Ins. Co. (Tex.Civ.App.) 77 S.W. (2d) 761, 763, relied upon by the appellees, is distinguishable from the present decision and the authorities cited, among other things, because in that case the application was not attached to and made a part of the policy. In said opinion it was stated the application has no contractual effect, "because neither it nor a copy thereof was attached to the policy"—cit-

ing First Texas Prudential Ins. Co. v. Pedigo (Tex.Com.App.) 50 S.W.(2d) 1091, 1092. The case of Washington Nat. Ins. Co. v. Brock (Tex.Civ.App.) 60 S.W.(2d) 861, also may be distinguished upon the facts. There it was correctly held that the representations found to be false were not material. There the claimed false representation was as to former diseases from which the insured had completely recovered and the claim was for an injury received in an automobile wreck. Clearly there was no causal connection between said injury and the former diseases. Further, as we understand that opinion, there was no warranty in the application that the answers as contained and · written therein were true. The following quotation from Provident Life & Acc. Ins. Co. v. Flowers (Tex.Civ.App.) 91 S.W.(2d) 847, 850, is illustrative and explanatory of many of the apparently conflicting opinions: "There is no warranty in the application that the answers as written, to the questions propounded, were true. If there were such a warranty, the falsity of the answers would perhaps avoid the policy."

For the reasons stated, the judgment of the trial court is reversed and judgment rendered for appellant.