**Rolla CAMPBELL et ux., Appellants,**

v.

**ALLSTATE INSURANCE COMPANY,**
Appellee.

No. 3661.

Court of Civil Appeals of Texas.

Eastland.

Feb. 2, 1962.

Rehearing Denied March 2, 1962.

Davis, Phelps & Liles, Houston, for appellants.

Talbert, Giessel, Cutherell & Barnett, Houston, for appellee.

COLLINGS, Justice.

This is a garnishment proceeding by Rolla Campbell and wife, Rana Campbell against Allstate Insurance Company, a corporation, based upon a final judgment obtained by plaintiffs against Alfred B. Thyssen in the sum of $4,000.00.

Plaintiffs alleged that Thyssen purchased a policy of automobile liability insurance from defendant, which was in full force and effect at the time of the accident made the basis of plaintiff's original suit against Thyssen; that the defendant Garnishee was obligated by virtue of the said policy of insurance to defend said suit and to pay on

behalf of Thyssen the judgment rendered in plaintiff's favor against him; that plaintiffs made demand upon defendant insurance company for payment of said judgment, interest and costs, but defendant wrongfully refused to pay same and plaintiffs sought to recover therefor. Allstate Insurance Company denied that it was indebted to Thyssen or that it had in its hands any effects belonging to him at any time material to this suit. The trial was before the court without a jury and judgment was rendered for the defendant Allstate Insurance Company. Plaintiffs have appealed.

It is undisputed that appellee insurance company did issue a policy of automobile liability insurance to Thyssen. The policy contained a contractual warranty substantially as follows: "—, during the past three years no insurer has cancelled insurance, issued to the named insured, similar to that afforded hereunder." The policy also provided that: "By acceptance of this policy, the insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance." The evidence shows that a similar policy of insurance had been previously issued to Thyssen by the Houston Fire & Casualty Company, and that was cancelled within the time period of the policy provision.

It is stipulated that the sole issue on this appeal is whether or not under the circumstances of the case appellee insurance company waived its right of forfeiture or was estopped to assert such right. Appellants urge that appellee has waived and is estopped to assert its defense of forfeiture. The facts as found by the court were in substance that the agent of appellee who took Thyssen's application for the insurance policy was advised by Thyssen of the facts surrounding the cancellation of the prior policy; that the agent without the knowl-

edge or authority of Thyssen made an erroneous answer to the inquiry in the application concerning whether Thyssen had had a similar policy cancelled during the prior three year period. Notwithstanding such knowledge on the part of the agent the company issued the policy to Thyssen. It is contended by appellants that the knowledge of the agent was imputed to the company as a matter of law and that the company is bound thereby.

The rule which we consider controlling in this case is stated in 24-B Tex.Jur., 421 as follows:

"It is the rule that if the insured gives full, true and correct answers to an agent authorized to take written applications for insurance, relying upon the skill and good faith of such agent to fill out the application correctly, and he makes it out incorrectly, or inserts answers different from those given, or false answers, the company is bound thereby, if the insured is justifiably ignorant of the agent's mistaken or wrongful act."

We hold that appellee insurance company waived and is estopped to assert its defense of forfeiture. The insured, Thyssen, gave true and correct answers to appellee's agent, who was authorized to take the application for insurance, and fully informed him concerning the fact that a similar policy of insurance previously issued to Thyssen had been cancelled within the time specified in the policy provision. Thyssen relied upon the agent of appellee company to fill out the application correctly. Such agent, without the knowledge of, or any authority from Thyssen, incorrectly filled out the application, falsely stating therein that Thyssen had not had any similar policy of insurance cancelled during the preceding three years. The knowledge of the agent was knowledge on the part of the insurance company and it was bound thereby. It is now estopped to assert the falsity of the statement as a defense even though the policy purported

to set out a contractual warranty to the effect that Thyssen had not, during the past three years had any similar insurance cancelled. Liverpool & L. & G. Insurance Company v. Ende, 65 Tex. 118; Aetna Insurance Company v. Holcomb, 89 Tex. 404, 34 S.W. 915; Supreme Lodge of the Fraternal Brotherhood v. Jones, Tex.Civ. App., 143 S.W. 247 (Error Ref.); Boston Insurance Company v. Rainwater, Tex.Civ. App., 197 S.W.2d 118; Southern Mutual Fire Insurance Company of Yoakum v. Mazoch Bros., Tex.Civ.App., 291 S.W. 257; Traders & General Insurance Company v. Lucas, Tex.Civ.App., 281 S.W.2d 188.

In support of the judgment appellee urges that this is not a case where an insurer seeks to void a policy merely because of erroneous statements in the application. Appellee contends that the policy involved is void because it is undisputed that there was a breach of the contractual warrant contained in the policy itself. In support of this contention, appellant relies upon Freeman v. Commercial Union Assurance Company, Tex.Civ.App., 317 S.W.2d 563 (Ref.N.R. E.); Harris v. Allstate Insurance Company, Tex.Civ.App., 249 S.W.2d 669 (Error Ref.); Farris v. Allstate Insurance Company, Tex.Civ.App., 265 S.W.2d 178 (Ref.N. R.E.), and Leete v. Allstate Insurance Company, Tex.Civ.App., 288 S.W. 237.

The above cases cited by appellee are distinguishable from the instant case and other cases hereinabove cited in support of the disposition we are making of this case. The cases cited by appellee did involve violations of basic conditions or contractual provisions of a policy of insurance, but it was not shown in any of such cases that the insurance company had prior notice of the violation. In the Harris case it was indicated that an insurer may be held to have waived or to be estopped to assert the right of forfeiture if it had prior knowledge of the facts. Also see 24 Tex.Jur. 914. It was pointed out in the Leete case that there was no showing that the insured had told the agent of the insurance company who filled out the application for an automobile collision policy that the insured had had previous automobile policies cancelled.

The judgment of the trial court is reversed and judgment is here rendered for appellants for the sum of $4,000.00, with 6% interest per annum from May 21, 1960, and for costs.