## Wagner & Chabot v. Westchester Fire Insurance Company.

### No. 761. Decided April 3, 1899.

**1. Pleading—Reformation of Contract.**

A suit upon a contract of insurance prayed for reformation of the contract, but this the evidence did not warrant; but since the allegations and proof justified a recovery upon the contract without its reformation, plaintiff should have been permitted to recover under prayer for general relief. (Pp. 553, 554.)

**2. Insurance—Ownership of Goods—Waiver of Condition.**

Consignees selling goods upon commission applied for insurance thereon for the benefit of the owners, whose title they disclosed to the insurance agent; he issued them a policy, as upon their property, to be void if the interest of the insured was not truly stated, or should be other than unconditional and sole ownership, and providing that any other interest must be described therein and that no officer or agent could waive such conditions except by writing attached to the policy. Held, that the agent by issuing the policy in such form, with notice of the true ownership, waived the conditions relating thereto and that a recovery could be had thereon without reforming the contract. (Pp. 551-556.)

**3. Same.**

By receiving the premium with knowledge of the true state of the title to the property, the insurer is estopped from defeating the right of insured to recover by urging such ownership in another. The company will not be heard to say that it made and delivered what it knew at the time to be an invalid policy. (P. 555.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Wagner & Chabot obtained writ of error from the Supreme Court upon a judgment affirming upon their appeal a judgment for defendant in a suit brought by them against the insurance company.

*Summerlin & Walling, Ed Haltom,* and *Franklin, Cobbs & McGown,* for plaintiffs in error.—Principles upon which doctrine is founded: (1) That there is implied authority in the agent to make the waiver. (2) That to hold the company not liable is in effect to hold no mutuality in the contract. (3) That a person can not limit its right to contract so that it can contract in writing only. (4) That the insurance company is estopped by the act of its agent. (5) That the authority of an agent is as broad as the function he is authorized to perform, and that as corporations can only act through agents, notice to the agent is notice to the principal. (6) That the limitations in the policy apply generally not to a specific agent, and therefore are in fact a stipulation that the company can make no contract except in a particular way. Rev. Stats., arts. 3093, 3074; Hankins v. Insurance Co., 70 Wis., 4; Renier v. Insurance Co., 74 Wis., 94; McBride v. Insurance Co., 30 Wis., 567; Wright v. Insurance Co., 36 Wis., 532; Mechler v. Insurance Co., 38 Wis., 671; Winans v. Insurance Co., 38 Wis., 345; Lamberton v. Insurance Co., 39 Minn., 131; Insurance Co. v. Earle, 33 Mich., 153; Insurance Co v. Gray, 8 Law. Rep. Ann., 71; Insurance Co. v. Wilkinson, 80 U. S., 222; Insurance Co. v. Kasey, 25 Gratt., 268; Insurance Co. v. Myers, 55 Miss., 479; Insurance Co. v. Weill, 28 Gratt., 389; Insurance Co. v. McCrea, 8 Lea, 513; Rivara v. Insurance Co., 62 Miss., 720; Viele v. Insurance Co., 26 Iowa, 9; Young v. Insurance Co., 45 Iowa, 378; Mfg. Co. v. Insurance Co., 5 Gray, 497; Morrison v. Insurance Co., 69 Texas, 363; Insurance Co. v. Camp, 71 Texas, 507; Miner v. Insurance Co., 27 Wis., 694; Insurance Co. v. Hall, 12 Mich., 202; Insurance Co. v. Cooper, 50 Pa. St., 331.

*Swearingen & Brooks,* for defendant in error.—Where a policy of insurance contains a provision limiting the powers of an agent in regard to waiving the provisions of said policy, a party accepting the same has notice of said limitation on said agent's authority, and facts communicated by him to said agent in regard thereto, or mistakes made by him or said agent, by reason of which they failed to comply with said provisions, are not binding on the company so as to constitute a waiver of such provisions, as said policy stipulates that such agents shall have no power to waive or to establish any other or different contract than the policy itself. Fitzmaurice v. Insurance Co., 84 Texas, 61; Bank v. Insurance Co., 62 Texas, 461; Goddard v. Insurance Co., 67 Texas, 71; Morrison v. Insurance Co., 69 Texas, 363; 2 May on Ins., sec. 487; 2 Wood on Ins., sec. 417, p. 863; Insurance Co. v. Fletcher, 117 U. S., 519; Insurance Co. v. Wolff, 95 U. S., 329; Insurance Co. v. Norton, 96 U. S., 240; Chase v. Insurance Co., 20 N. Y., 52; Marvin v. Insurance Co., 85 N. Y., 278; Quinlan v. Insurance Co., 133 N. Y., 356; Porter v. Insurance Co., 35 N. E. Rep., 679; Cleaver v. Insurance Co., 65 Mich., 527; Carey v. Insurance Co., 54 N. W. Rep., 18; Herbst v. Lowe, 65 Wis., 321; Hankins v. Insurance Co., 35 N. W. Rep., 34; Enos v. Insurance Co., 67 Cal., 621; Gladding v. Insurance Assn., 66 Cal., 6; Catoir v. Insurance Co., 33 N. J., 487; Sprague v. Insurance Co., 49 Mo., App., 425.

BROWN, ASSOCIATE JUSTICE.—Wagner & Chabot sued the insurance company upon a policy of insurance, alleging in substance that they were the local agents of Kloak Brothers & Co., of Cincinnati, Ohio, in the city of San Antonio, and that they procured the policy of insurance sued upon to be issued for the benefit of Kloak Brothers & Co., for whose use the suit was instituted and prosecuted.

The petition described the goods insured and alleged the making of the contract of insurance with the agent of the defendant insurance company at San Antonio; that the agent of the insurance company was informed at the time application was made for insurance that the property sought to be insured belonged to Kloak Brothers & Co. and was in the possession of Wagner & Chabot as their agents. It was alleged that the agent agreed to insure the goods for Kloak Brothers & Co., but through mistake, or with the intent to defraud them, made the policy payable to Wagner & Chabot.

The petition set out the circumstances of the destruction of the goods by fire, their value, and the performance of all the conditions necessary to render the company liable to pay the amount, if the policy is valid, and concluded with the following prayer: "Wherefore, plaintiffs have thus brought this suit, and the defendant having answered and appeared, plaintiffs pray that said policy of insurance be so reformed as to show the true ownership of the said goods as insured by the parties of the said contract, and that they, for the use and benefit of said Kloak Brothers & Co., have judgment against the defendant company for the sum of $2000, with interest and costs, general and special relief." The defendant filed a general denial, and special pleas, setting up, (1) that the policy sued upon contained the provision, among other things, "that the entire policy should be void if the interest of the plaintiff in the property insured thereunder were not truly stated therein;" that the policy was made and accepted by plaintiffs subject to said condition and stipulation, and that the interest of the said plaintiffs was not truly stated therein, but the said goods were owned by Kloak Brothers & Co., of Cincinnati, Ohio, and were held by the plaintiffs under a contract, to be sold by them on commission, for which reason the defendant claimed that the said policy was void. (2) That the said policy contained, among other things, a stipulation as follows: "That the entire policy, unless otherwise provided by agreement indorsed on or added to said policy, should be void if the entire interest of the plaintiffs in the property insured thereunder were other than unconditional and sole ownership." The defendant averred that the title of the plaintiff was not that of unconditional and sole ownership, as stipulated, but that the property, in fact, belonged to Kloak Brothers & Co., of Cincinnati, Ohio, and was held by the plaintiffs to be sold on commission.

The answer alleged that it was provided in the said policy "that no officer, agent, or representative of defendant should have power to waive any provision or condition of said policy except such as by the terms of said policy might be made the subject of agreement indorsed thereon,

or added thereto, and that as to such provision or condition, no officer, agent, or representative should have such power or be deemed to have waived such provisions or conditions unless such waiver, if any, should be written upon or attached to the said policy," and that no waiver of the said provisions was written upon or attached to the said policy.

The defendant, by supplemental answer, set up that the plaintiffs, Wagner & Chabot, had ratified the contract, if it was made by mistake, and were estopped from setting up any other contract, and that they had full opportunity to know the contents of the said policy and were estopped to deny the contents thereof.

On the trial the policy was introduced, which contains the usual clause binding the insurance company to insure Wagner & Chabot for the term of one year from the first day of October, 1892, at noon, to the 1st day of October, 1893, at noon, against all direct loss or damage by fire except as therein provided, to an amount not exceeding $2000, to the property described as follows: "On their stock of bar fixtures, consisting of counters, mirrors, glassware, silver and plated ware, etc." * * * After providing for the manner of reporting and proving the loss and other things, the policy contains the following provisions: "This entire policy shall be void * * * if the interest of the insured in the property be not truly stated." * * * Likewise the following: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership."

The following provisions of the policy bear upon the question to be decided: "If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached to, or appended hereto. * * * This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached. * * * This policy shall not be valid until countersigned by the duly authorized agent of the company at San Antonio."

Plaintiffs introduced in evidence a written contract between them-

selves and Kloak Brothers & Co., whereby the latter agreed with the plaintiffs that they should have the exclusive right to sell bar furniture, beer-coolers, tables, chairs, etc., for all of the district of Texas designated, and that the said Kloak Brothers & Co. would consign to Wagner & Chabot such goods as might be necessary to carry on the business as per their price list furnished Wagner & Chabot, and settlements to be made by Wagner & Chabot shall be for proceeds of sale at their prices, less a commission of 15 per cent. For all goods sold on the installment plan, the price should be secured by chattel mortgages, and the cash, notes, etc., from purchases should be turned over to Kloak Brothers & Co. by Wagner & Chabot, the latter retaining their commission for sale. Wagner & Chabot agreed to pay the freight on all goods sent to them and to fully insure the stock; in case of fire, the insurance money to be paid over to Kloak Brothers & Co.

William G. Tobin was the agent at San Antonio of the Westchester Fire Insurance Company. Wagner & Chabot applied to Tobin for insurance upon the goods described in the petition. They informed Tobin at the time that the goods belonged to Kloak Brothers & Co., of Cincinnati, Ohio, and asked for a separate policy upon them, which Tobin agreed to make, and said that he would put the insurance with the Westchester Fire Insurance Company, and on that or the succeeding day delivered to them the policy sued upon, countersigned by himself as the agent of the fire insurance company. The premium was paid.

Some months after the policy was executed, the goods were destroyed by fire. Wagner & Chabot made proofs of loss according to the requirements of the policy and did everything necessary to fix the liability of the company, if the policy is valid.

At the trial the presiding judge directed the jury to return a verdict for the defendants, which was done and judgment entered accordingly. The Court of Civil Appeals affirmed the judgment of the trial court upon the ground that the petition of the plaintiffs sought the reformation of the contract, and as the evidence did not authorize the District Court to enter a judgment reforming the policy, the plaintiffs had no right of action.

Article 1335, Revised Statutes, prescribes the judgment to be rendered upon the trial of a cause in the following terms: "The judgment of the court shall conform to the pleadings, the nature of the case proved, and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or in equity." If the facts alleged and proved authorized a judgment upon the policy without reformation, then the fact that the petition sought to reform the contract would not deprive plaintiffs of the judgment to which they were entitled under the pleadings and proof.

The plaintiffs' petition contained allegations which showed a liability on the part of the defendant insurance company, unless the policy was rendered invalid by the conditions contained in it. The allegation that the names of Wagner & Chabot were inserted by mutual mistake of the

parties or through fraud on the part of the agent of the company, may be treated as surplusage, and, being stricken from the petition with all other facts which had in view the reforming of the policy, there would remain sufficient upon which to base a judgment for the plaintiffs. Nash v. George, 6 Texas, 237; Lee v. Boutwell, 44 Texas, 153. In the last case cited the court said: "Where the plaintiff has prayed for general relief, he may recover whatever the facts alleged and proved will entitle him to, although he may have prayed for a special relief, for which the facts of his petition as alleged do not constitute an appropriate predicate."

Having the actual possession of the property as the agents of Kloak Brothers & Co. under a contract binding them to insure it, Wagner & Chabot had the right to take a policy upon it in their own names for the benefit of the owners. The facts show that the policy was intended, when it was procured, to secure the interest of its owners, and it is therefore valid, and is sufficient to authorize a judgment in favor of Wagner & Chabot for the use and benefit of Kloak Brothers & Co., unless the contract is rendered void by the failure to state in it the interest of the assured  parties, or by the fact that Wagner & Chabot were not the sole and absolute owners of it. Castner v. Insurance Co., 46 Mich., 15; Waring v. Insurance Co., 45 N. Y., 606; Insurance Co. v. Transportation Co., 66 Md., 346; Miltenberger v. Beacom, 9 Pa. St., 198; Lee v. Adsit, 37 N. Y., 78; Watkins v. Durand, 1 Port. (Ala.), 251; 1 Wood on Fire Ins., sec. 293.

There is no dispute about the fact that W. G. Tobin was the agent of the Westchester Fire Insurance Company at San Antonio and that he had full power to make the contract of insurance; that he did in fact make it, and when he issued the policy he knew that Wagner & Chabot were not the sole owners of the property and that the policy did not truly state their interest in it, but that they were agents holding it for Kloak Brothers & Co., of Cincinnati, Ohio. By issuing and delivering the policy, Tobin waived the conditions requiring that the interest of the payees named therein should be truly stated and the condition that the interest of the assured should be the unconditional and sole ownership of it. He knew that as warranties of existing facts they were false. Insurance Co. v. Ende, 65 Texas, 123; Insurance Co. v. Camp, 71 Texas, 507; Insurance Co. v. Holcomb, 89 Texas, 410; Eames v. Home Insurance Co., 96 U. S., 621.

The ground upon which the courts hold that such conditions are waived under the given state of facts is broadly stated in Insurance Company v. Ende, cited above, by Judge Stayton in the following quotations from the authors named: "To deliver a policy with full knowledge of facts upon which its validity may be disputed and then to insist upon these facts upon grounds of avoidance is to attempt a fraud. This the courts will neither aid nor presume, and when the alternative is to find this or find that, in accordance with honesty and fair dealing, there

was an intent to waive the known ground of avoidance, they will choose the latter. Such an issue is tantamount to an assertion that the policy is valid at the time of delivery and is a waiver of the known ground of invalidity," citing May on Insurance, sec. 497. In support of the same proposition, Judge Stayton quotes as follows: "The insurer is estopped from setting up the breach of any condition of the policy when at the time of its issue it knew that the condition was inconsistent with the facts and the assured has been guilty of no fraud.  *  *  *  When the insurer issues a policy to the assured without any written application, containing conditions inconsistent with the risk,  *  *  *  it is estopped from setting up a breach of such conditions in defense of an action upon the policy," citing Wood on Fire Insurance, sec. 427. The proposition is sustained by a large number of authorities cited by the learned judge who wrote that opinion. Judge Stayton added the following: "Under the facts shown to have existed, it must be held that the appellant, by receiving the premium for insurance with knowledge of the true state of the title of the property insured, is estopped from denying the right of the appellee to recover on the ground that the interest of the assured in the property was other than the entire, unconditional, and sole ownership, for his own use and benefit."

It is claimed by the defendant in error that the policy itself prohibited any agent of the company to waive any of its conditions except it be done in writing. To this position our Supreme Court has made a clear and distinct answer in the case of Morrison v. Insurance Company, 69 Texas, 353, in which it is held that an agent who has the power to make the contract of insurance, to issue the policy, and, in fact, exercise the highest authority which the law confers upon the corporation, stands in the place of the corporation itself, and that, having the authority to contract, he, no more than the corporation, can be bound to place his contract in writing, because it is a limitation upon the exercise of the authority conferred upon him. Insurance Co. v. Lee, 73 Texas, 646. It is not necessary for us to inquire whether these decisions were in accord with the weight of authority when they were made, for we are not inclined to overrule them and change a rule already established, which, in the judgment of the court, is salutary and valuable in protecting the rights of those who deal with insurance companies.

We therefore hold that when Tobin issued the policy in the name of Wagner & Chabot, with a knowledge of the ownership and title of the property insured, he, for the company, waived the provision relied upon which would avoid the contract, because those provisions are entirely inconsistent with an honest intention on the part of the insurance company to make a valid contract. After such a contract has been executed and delivered by an agent with the ample powers which were conferred upon Tobin, the premium received and appropriated by the insurance company, and after the assured in reliance upon the validity of the contract, has suffered a loss without fault on his part, the courts will not

hear the insurance company to say that it knowingly made and delivered to the assured what it knew at the time to be an invalid policy, and that therefore it is not liable for the loss sustained.

The judgments of the District Court and Court of Civil Appeals are reversed, and this cause is remanded for further trial.

*Reversed and remanded.*