RIO GRANDE FIRE INS. CO. v. CONCORDIA FIRE INS. CO. (No. 5917.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1917. Rehearing Denied Jan. 9, 1918.)

1. INSURANCE ⬡⟲93—REINSURANCE—LIABILITY.

Where the general agent of defendant fire insurance company acted as the state agent for plaintiff fire insurance company, and, with intent to defraud both of them, insured fictitious dwelling for $4,000 in defendant company, and reinsured it in plaintiff company, and there-

after made proofs of loss and drew a draft on the defendant for the $4,000, and on plaintiff for the reinsurance, all of such acts were void, the policies created no obligation, and plaintiff company, could recover the amount of the draft which it paid to defendant company.

2. PAYMENT ⊚⇒85(3) — MISTAKE — RIGHT TO RECOVER.

In such case, plaintiff's payment of the amount of reinsurance to defendant, while both were ignorant of the fraud, constituted a mutual mistake, and could not develop into a right in defendant to retain the money.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by the Concordia Fire Insurance Company against the Rio Grande Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Denman, Franklin & McGown and L. H. Browne, all of San Antonio, for appellant. Terrell & Terrell, of San Antonio, for appellee.

SWEARINGEN, J. This is a suit by appellee, the Concordia Fire Insurance Company, against appellant, the Rio Grande Fire Insurance Company, to recover $1,000 alleged to have been paid by appellee to appellant by mutual mistake. Without a jury, the court rendered judgment against appellant for the sum sued for. There is no issue of fact. The cause was submitted to the court upon agreed facts, which agreement is before us and reads as follows:

"(1) That on or about September 9, 1913, and for some time prior thereto and at all times hereinafter mentioned, Fred C. Stockdell, of New Orleans, La., was the general state agent in Louisiana for the Rio Grande Fire Insurance Company, a corporation by and under the laws of the state of Texas, having its principal office and domicile in the city of San Antonio, in Bexar county, Tex., and was also the general state agent at said place for the Concordia Fire Insurance Company, a corporation by and under the laws of the state of Wisconsin, having its principal office and domicile in the city of Milwaukee in said state, and having a permit to do business in Texas, and for several other fire insurance companies, among them the Commercial Fire Insurance Company of Washington, D. C., and the German Fire Insurance Company of Peoria, Ill., and on September 9, 1913, plaintiff and defendant knew that he was such agent for the other, the Concordia learning that fact on that day from Stockdell's daily report concerning the hereinafter mentioned transaction.

"(2) That as such general state agent, said Stockdell had authority in each of said companies to write fire insurance on property throughout the state of Louisiana, issue the policies, collect the premiums, reinsure said risks in said company, or other companies, and to collect said reinsurance premiums, to inspect all property offered for insurance, and to adjust and settle all losses by drafts upon the companies; provided that if he insured any dwelling house to an amount exceeding one thousand dollars ($1,000) in the Rio Grande Fire Insurance Company he should at once reinsure such excess in some other company or companies, but such restriction was not known to the Concordia Fire Insurance Company.

"(3) That on or about September 9, 1913, the said Fred C. Stockdell, as general agent for the Rio Grande Fire Insurance Company, issued its policy of insurance No. twelve thousand nine hundred four (12904), in the sum of four thousand ($4,000) dollars, to one Don R. Wade, purporting to be upon a dwelling house stated to be in Gretna, La., insuring him against loss by reason of the destruction by fire of the premises described in said policy; and at the same time said Stockdell, as general state agent, as aforesaid, for the Concordia Fire Insurance Company, the Commercial Fire Insurance Company, and the German Fire Insurance Company, in the name of each issued and delivered to the Rio Grande Fire Insurance Company a reinsurance contract (in the form and substance hereinafter stated) by which each of said companies reinsured said Rio Grande Fire Insurance Company against loss by fire by the destruction of said dwelling house in the sum of one thousand ($1,000) dollars.

"(4) That the form and substance of said reinsurance contract so issued, omitting date and signature, by said Stockdell, as general agent for the Concordia Fire Insurance Company, was as follows, to wit:

"'Policy No. 31045.

"'Subject to the conditions of the New York standard policy, the Concordia Fire Insurance Co., of Milwaukee, Wisconsin, does reinsure Rio Grande Fire Insurance Company, as follows:

"'Amount reinsured, $1,000.00. Rate, $1.00, Premium, $10.00. Time, 3 years. Commencement, at noon Sept. 9th, 1913. Expiration, at noon Sept. 9th, 1915. Policy No. 12904. Insured at New Orleans, La., agency. On property of Don R. Wade, consisting of dwelling, 11th St. between Derbigny and Delhonde Sts., Gretna, La.

"'Subject to the same risks, valuations, indorsements (excepting transfers of location) assignments, and conditions as the original insurance and loss, if any, to be settled and paid pro rata with the reinsured and at same time and place and upon the same terms and conditions. It is a condition of this reinsurance that the reinsured company is to retain an amount of insurance in and or on the risk herein described above all reinsurance, equal to the amount of this policy, and failing to do so, this company shall not be liable for a greater amount than that retained by the reinsured company. Other reinsurance permitted without notice until required.'

"(5) That the usual and customary charge by fire insurance companies at the time and place of this insurance was one per cent. (1%) of the principal, or a total of forty ($40) dollars for four thousand ($4,000) dollars, and said Stockdell, as such general agent, at said time credited on his books to each of the four (4) companies named the sum of ten ($10) dollars, and he, at said time, by daily report notified each of said companies of said insurance and said reinsurance contracts.

"(6) That on October 7, 1913, said Fred C. Stockdell notified the Rio Grande Fire Insurance Company by letter that the property covered by said insurance policy had been totally destroyed by fire and, at the same time, said that an adjustment of the loss was being made and when completed he would furnish said Rio Grande Fire Insurance Company with the original proof and the said reinsurance companies with a copy thereof, and would then draw draft upon the Rio Grande Fire Insurance Company for the sum of four thousand ($4,000) dollars and mail to it drafts on the reinsuring companies, each in the sum of one thousand ($1,000) dollars, and that thereafter, on October 15, 1913, he mailed the proof of loss to the Rio Grande Fire Insurance Company and a copy thereof to each of the reinsuring companies, the copies showing a total loss by fire and that the Rio Grande Fire

Insurance Company had paid the loss, the proofs being signed 'Rio Grande Fire Insurance Company by Fred C. Stockdell, general agent', and drew upon the Rio Grande Fire Insurance Company for the sum of four thousand ($4,000) dollars, which draft was made payable to Don R. Wade and was paid on October 17, 1913, and sent the Rio Grande Fire Insurance Company drafts upon each of the reinsuring companies drawn by him as general agent of each of said respective companies in the sum of one thousand ($1,000) dollars each, and the draft on the Concordia Fire Insurance Company was paid·by it on October 24, 1913. Said sum of four thousand ($4,000) dollars paid by the Rio Grande Fire Insurance Company was appropriated by said Stockdell to his own use and benefit. The Concordia Fire Insurance Company paid Stockdell an agreed per cent. of all premiums, out of which he had to pay inspection and adjustment expenses, and said Fred C. Stockdell, on October 15, 1913, by a letter to the Rio Grande Fire Insurance Company, signed 'Underwriters' General Agency Company, Fred C. Stockdell, general manager,' a copy of which letter was sent to the Concordia Fire Insurance Company, stated that the adjustment expenses amounted to fifteen ($15) dollars and that the four companies were each liable for one-fourth thereof, and sent the Rio Grande Fire Insurance Company a draft on his office for $7.50 in payment of adjustment expenses in behalf of the Concordia and German, and a draft on the Commercial Fire Insurance Company for $3.75 in payment of its proportion of adjustment expenses, and the Rio Grande remitted to Stockdell the sum of $15 in payment of the whole adjustment expense.

"(7) As a matter of fact and in truth there was no Don R. Wade, and the premises supposed to be covered by said insurance and reinsurance policies did not exist, and there was no fire, which said facts said Stockdell knew, but the whole matter was a scheme of said Stockdell to defraud the said insurance companies, and neither the Rio Grande Fire Insurance Company, nor the Concordia Fire Insurance Company, nor other companies knew of the fraudulent intentions of said Fred C. Stockdell, or of the fact that the said Don R. Wade was a fictitious person, nor that there was no insured property in fact; and at the time of the payment of the four thousand ($4,000) dollars by the Rio Grande Fire Insurance Company, and at the time of·the payment of the said one thousand ($1,000) dollars by the Concordia Fire Insurance Company, both believed that the copies of loss furnished to the Rio Grande Fire Insurance Company and the copy thereof furnished to the Concordia Fire Insurance Company by said Stockdell, and signed as aforesaid, were true.

"(8) That said Fred C. Stockdell committed suicide about the 12th day of November, 1914, and some time thereafter, as soon as the Concordia Fire Insurance Company learned the true facts, it promptly demanded from the Rio Grande Fire Insurance Company a return of the one thousand ($1,000) dollars paid to it, which demand was refused, which demand was the first actual notice that the Rio Grande Fire Insurance Company had of the true facts.

"(9) It was at all times hereinbefore mentioned usual and customary for fire insurance companies doing business within a sister state to rely upon the general state agents within such state, through proper agencies, to inspect all risks and adjust all losses, and only to issue policies of insurance and reinsurance upon what was deemed by him or his agents to be reasonably safe risks, and only to draw drafts upon the insuring and reinsuring companies in the event of an actual loss to an actual assured and to an amount not to exceed the legal liability of the company drawn upon, and said Stockdell was so relied upon and trusted by each of said fire insurance companies in all the matters hereinbefore mentioned.

"(10) That for many years prior thereto, and at the time said insurance policy and reinsurance contract were issued, and at the time of the alleged destruction of the premises by fire, and at the time the proof of loss was furnished by the said Stockdell to the Concordia Fire Insurance Company, signed 'Rio Grande Fire Insurance Company of San Antonio, Texas, by Fred C. Stockdell, general agt.,' and the payment of said one thousand ($1,000) dollars by said Concordia Fire Insurance Company to said Rio Grande Fire Insurance Company as hereinbefore stated, it was the general custom known to both parties hereto for the reinsurer to rely entirely upon the initial insurance company to inspect the risk and loss, and also to rely upon the proofs of loss furnished it by the initial company, and it was not customary for the reinsurer to inspect the purported risk or loss. And the custom further was, that all such inspections were to be made by, or under the direction of, the general state agent of the original insurer. It is further a fact that each reinsuring company had the right to inspect each risk and examine each loss, if it saw fit to do so, and in this case the state agent of defendant and plaintiff was the same person.

"(11) That on or about October 24, 1913, the Concordia Fire Insurance Company, relying upon the proof of loss furnished it as aforesaid, as being in all things true, and so believing, paid to the said Rio Grande Fire Insurance Company the sum of one thousand ($1,000) dollars, this being the amount of its reinsurance policy, as aforesaid, to be paid in the event said premises were destroyed by fire; said payment being made upon a draft on the Concordia Fire Insurance Company prepared by the said Stockdell, its general agent, signed by Fred C. Stockdell, its general agent. said draft being presented by the Rio Grande Fire Insurance Company, through the National Bank of Commerce of San Antonio. Tex. Attached to said draft and a part thereof was the following receipt:

" '$1,000.00.

" 'New Orleans, La., October 15th, 1913.

" 'Received of the Concordia Fire Insurance Co., of Milwaukee, the sum of one thousand and no/100 dollars, being in full payment and compromise settlement of all claims and demands against said company for loss or damage which occurred October 5th, 1913, to the property insured under policy No. 31045, issued at the New Orleans, La., agency of said company, in consideration of which we hereby release and discharge said company from all claims and demands of every nature and kind we may have under and by virtue of said loss and said policy is hereby cancelled and surrendered to the company. Claim. $1,000.00. Discount, none. Amount of draft, $1,000.00.

" 'Rio Grande Fire Insurance Co.,
" 'By H. L. Wright, Asst. Treas.' "

Appellant's two assignments contend that the agreed facts fail to make a case of liability against it. The very plausible argument of appellant is based upon the hypothesis that the party, Stockdell, was an agent of both parties hereto, and all his acts created binding obligations upon the principal for which he purported to act. From which premise it is deduced that the draft drawn by him for $1,000 against appellee payable to the appellant was of sufficient validity to entitle appellant to receive and retain the money. Appellant bases its contention upon the case of Wagner & Chabot v. Fire Ins. Co., 92 Tex. 549, 50 S. W. 569.

[1] On the other hand, appellee contends that the joint agent, Stockdell, acted in this

matter for himself, and was not the agent of either appellant or appellee; that his acts were each and all crimes, therefore void, and created no obligation or liability against either appellant or appellee. The transactions were crimes. "There can be no such thing as agency in the perpetration of a crime." 2 C. J. p. 431, § 25; Shelton v. Marshall, 16 Tex. 344. In our opinion all the acts were absolutely void. The policy issued by the Rio Grande created no liability upon it. The reinsurance contract made by the appellee created no obligation against it. The proof of loss and draft drawn by Stockdell created no liability against the Rio Grande. The draft drawn by Stockdell on the appellee in favor of the appellant was void, and created no more obligation than a forged draft by an utter stranger. The fact that appellant was robbed of $4,000 created no obligation upon appellee to minimize the loss. In fact, this insurance corporation would have no power to voluntarily agree to perform this gratuity with its corporate funds.

[2] There being no liability whatever against appellee created by any of the void acts of the joint agent, and the $1,000 having been paid by the one to the other while both were entirely ignorant of the fraud, and while both believed the transactions were bona fide, it is certain that the payment was by mutual mistake, and this mistake has not and cannot develop into a right in favor of appellant to retain and appropriate appellee's money.

The judgment is affirmed.