**ST. PAUL FIRE & MARINE INS. CO. v. KITCHEN.** (No. 2215.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 28, 1923. Rehearing Denied Jan. 2, 1924.)

**1. Insurance ⚖══389(2)—Provision voiding policy if interest other than unconditional held waived.**

Where policy provided for payment to plaintiff, as his interest may appear, and agent dealt with him as real party in interest and knew that he did not know who was the owner in fee to the property, and after inquiry voluntarily proposed to write the policy in the fee owner's name, there was waiver of provision voiding the policy unless insured was unconditional and sole owner, or the subject a building on ground not owned by insured in fee.

**2. Insurance ⚖══376(1)—Agent's waiver of ownership clause of policy bound company.**

Where a policy provided that it should be void if insured's interest in property was other than unconditional, notwithstanding provision that no agent should have power to waive any provision except by written indorsement thereon, where agent, who countersigned and delivered it, secured the business and made inquiry of the fee owner as to ownership of the property, waiver of condition by the agent bound the company.

**3. Insurance ⚖══665(1)—Marking policy as standard not proof that form was one prescribed.**

Printing across the top of the back of a fire insurance policy, "Texas Standard Fire Policy," is not proof that the policy form was one prescribed by the Insurance Commission from which there could be no waiver of terms since it would violate Rev. St. art. 4891.

**4. Insurance ⚖══282(1)—Statute providing that only misrepresentation contributing to loss avoids policy held inapplicable to provision as to title.**

Rev. St. art. 4947, providing that misrepresentation, to avoid the policy, must have actually contributed to the loss, is inapplicable to provision voiding contract if insured is other than unconditional or sole owner or the subject of insurance is a building on ground not owned by insured in fee.

Appeal from District Court, Wilbarger County; James V. Leak, Judge.

Action by H. R. Kitchen, guardian, against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Robertson, Senter & Westerfeld, of Dallas, for appellant.

Bonner, Storey & Storey, of Vernon, for appellee.

BOYCE, J. H. W. Kitchen, as guardian of the estate of R. W. Rainey, non compos mentis, brought this suit on a fire insurance policy issued by the St. Paul Fire & Marine Insurance Company, insuring E. E. Crane in the sum of $2,000 against loss by fire on a certain mercantile building in the town of Odell. The policy contained a clause providing for payment to H. W. Kitchen, guardian, "as his interest may appear." The plaintiff alleged that he held notes secured by a vendor's lien on said property for an amount in excess of the amount of insurance; that the building had been destroyed

by fire. Wherefore he sought judgment for the full amount of the policy.

The policy contained this provision:

"This entire policy shall be void if the interest of the insured in the property be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

There was attached to the policy an agreement, as follows:

"It is agreed that any loss or damage ascertained and proven to be due to the assured under this policy shall be held payable to H. W. Kitchen, guardian for R. W. Rainey, as interest may appear, subject however, to all the terms and conditions of this policy."

The defendant pleaded these provisions of the policy and further that E. E. Crane was not, at the time of the issuance of the policy or at the time of the fire, the owner of the property, and that the policy was void by reason of said terms. In this connection the plaintiff pleaded that the insurance policy was issued by defendant with full knowledge of the condition of the title to said property and the defendant thereby waived the provision as to title. A trial without a jury resulted in judgment for the plaintiff.

One C. E. Foster purchased the property in question from H. W. Kitchen, guardian, in June, 1920, and executed vendor's lien notes aggregating $3,000 in part payment therefor. Foster conducted a mercantile business in the building. Some time thereafter, the date not being definitely shown, Foster made a general assignment including this property in the assignment, to Sanger Bros., for the benefit of his creditors. In February, 1921, bankruptcy proceedings were instituted against Foster, and M. E. Stephens was appointed trustee in bankruptcy. Stephens testified that he did not take charge of any of the property belonging to the bankrupt, "for the reason that the party had made an assignment under the state law before my appointment as trustee of said estate," and the matter was still in litigation at the time of his testimony. He further testified that his investigation disclosed that the bankrupt owed more on the property in question, secured by a lien thereon, than the property was worth, and he therefore disclaimed any right to it and refused to take possession thereof. The defendant had, prior to Foster's insolvency, issued a policy on the building which expired on March 9, 1921, the date of the policy in suit. Just prior to this date the insurance agent called on Kitchen's agent at Odell, informing him that the insurance was about to expire, and inquiring whether the policy should be renewed. The question of the ownership of the property was discussed and the parties went together to E. E. Crane, who was at the time occupying the building, for the purpose of inquiring as to such matter. Crane informed them that he had bought the property from Sanger Bros., but had not received a deed, whereupon the agent said to Crane:

"I will make out the policy in your name with a clause in favor of Kitchen, covering those Kitchen notes."

The policy was thereupon issued and delivered to the plaintiff, who paid the premium; Crane agreeing to repay him when he received a deed to the property. Crane never received the deed and was dead at the time of the trial. It does not appear, except from Crane's statement above referred to, what, if any, kind of contract he had for the purchase of the property. After the fire the trustee in bankruptcy executed a quitclaim conveyance of the property and any interest in the insurance to the plaintiff.

It has been frequently held that the issuance of a policy, with knowledge by the insurance company of facts that would render the policy invalid under a provision contained therein, is a waiver of such provision. L. & L. & G. Ins. Co. v. Ende, 65 Tex. 123; Wagner v. Westchester Fire Insurance Co., 92 Tex. 549, 50 S. W. 569. It is also held that actual knowledge of all the facts is not always necessary to a waiver. "Actual knowledge of facts forfeiting a policy is not necessary to a waiver if the facts are of such nature that the insurer ought to have known of them by proper attention to its business, or if attending circumstances are of such nature as to put a prudent person on his guard." Cooley's Briefs on the Law of Insurance, p. 2469; Id., p. 2516; Supreme Lodge K. of P. v. Kalinski, 163 U. S. 289, 16 Sup. Ct. 1047, 41 L. Ed. 163; Keys v. Knights and Ladies of Security, 174 Mo. App. 671, 161 S. W. 345. In the case of Ætna Insurance Co. v. Holcomb, 89 Tex. 404, 34 S. W. 915, where the question was whether an incumbrance against the insured property invalidated the insurance under a provision to that effect in the policy, the Supreme Court said:

"While it was not incumbent upon the agent of the insurance company to inquire as to the existence of incumbrances upon the property, yet, if the agent did enter upon such examination, and make such inquiry with reference to the property as justified the insured party to believe that he was informing himself of all matters material to the risk, and was relying upon such information, the insured might, under such circumstances, consider the warranty waived, that is, that it was not intended to be insisted upon by the insurance company."

[1] The facts of this case, on application of these principles, will, in our opinion, sustain a finding that the provision of the policy now relied on by the defendant to avoid it was waived. It is evident that the plaintiff was the real party at interest with whom the insurance company was dealing; that the

name of the owner of the property was only a peg on which to hang the loss payable clause in appellee's favor, the insurance company being anxious to write the insurance, no matter who may have had the legal ·title to the property. The insurance agent knew that the plaintiff did not know who was the owner of the fee-simple title to the property which was to be insured. He, in company with the plaintiff's agent, undertook to make an investigation of such matter; apparently satisfied himself, and then voluntarily proposed, after such inquiry, to write the policy in Crane's name. These facts we think bring the case within the principle stated by the Supreme Court in the case above cited.

[2] The policy provided that it should not be valid unless countersigned by the duly authorized agent of the company at Odell, Tex. It also provided that no agent of the company should have power to waive any provision or condition of the policy except by written indorsement thereon. The agent who countersigned and delivered the policy was the agent who handled the matter and who made the inquiry of Crane as to the ownership of the property. Such agent's waiver bound the company notwithstanding the provisions of the policy to the contrary. Wagner v. Westchester Fire Insurance Co., 92 Tex. 549, 50 S. W. 569.

[3] The appellant contends in a supplemental argument and brief that the policy was on a form prescribed by the Insurance Commission, and that there could be no waiver of its terms, since that would permit a violation of the provisions of article 4891, R. S. It is not shown that the policy was in form prescribed by the Insurance Commission, unless that fact is to be presumed from the fact that these words appear printed across the top of the back of the policy: "Texas Standard Fire Policy." This does not, we think, prove that the policy form was one prescribed by law. Austin Fire Insurance Co. v. Adams-Childers Co. (Tex. Civ. App.) 232 S. W. 342 (3, 4); Id. (Tex. Com. App.) 246 S. W. 370. Even if it were shown that the form used was one prescribed by the Commission, we doubt whether this would put the defendant in any better position in this case. Austin Fire Ins. Co. v. Adams-Childers Co. (Tex. Com. App.) 246 S. W. 370 (6).

[4] Appellee contends that article 4947, R. S., is applicable to this character of provision and in any event would prevent the policy from being avoided. This proposition cannot be sustained. McPherson v. Camden Fire Insurance Co. (Tex. Com. App.) 222 S. W. 211; Driggers v. Philadelphia Underwriters' Agency (Tex. Civ. App.) 240 S. W. 619, and authorities. It may be debatable whether article 4948 would be appli-

cable. If it is, under the record of this case, it would sustain the judgment. National Life Ass'n Co. v. Hagelstein (Tex. Civ. App.) 156 S. W. 353; Milwaukee Ins. Co. v. Weathered (Tex. Civ. App.) 234 S. W. 568; Southern Surety Co. v. Butler (Tex. Civ. App.) 247 S. W. 613; Federal Insurance Co. v. Wright (Tex. Civ. App.) 230 S. W. 795. But in this connection see the opinion on motion for rehearing in the last-named case and opinion by the Commission of Appeals in the same case reported at 248 S. W. 327(4). Since this question is not briefed, and our decision on the issue of waiver is sufficient to dispose of the case, we state no conclusion as to it.

Affirmed.