## ST. PAUL FIRE & MARINE INS. CO. v. KITCHEN.  (No. 643-4113.)*

(Commission of Appeals of Texas, Section A. May 6, 1925.)

**1. Insurance ⬩133(1), 155—Standard form of policy not a statutory policy in sense that terms provided by direct legislative enactment; policy forms presumed based on judicial construction of provisions.**

A Texas standard fire policy is not a statutory policy in sense that its terms are provided and prescribed by direct legislative enactment, but is policy to be prescribed by Insurance Commission in its capacity as an administrative body, and it will be presumed that Commission, in preparing forms for policy, did so in light of judicial construction that had already been given to different provisions of policy.

**2. Insurance ⬩372—Ownership clause in statutory fire policy may be waived by insurer.**

Contention that provision in statutory fire policy, that insured should be unconditional and sole owner of property, cannot be waived by insurance company, held without merit, in view of provision in insurance act (Vernon's Sayles' Ann. Civ. St. 1914, art. 4896) providing that, if insured issues policy without authority and policy holder sustains loss, company is liable, notwithstanding it issued policy in violation of act.

**3. Insurance ⬩389(2)—Provision avoiding policy, if insured not unconditional owner, held waived.**

Where insurance agent at time of renewing policy knew that insured was not owner of property, but nevertheless designated insured as owner, held, that there was a waiver of provision avoiding policy unless insured was unconditional and sole owner, estopping insurer from setting up such provision.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by H. W. Kitchen, guardian, against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff was affirmed by Court of Civil Appeals (256 S. W. 940), and defendant brings error. Affirmed.

E. G. Senter and Claude Westerfeld, both of Dallas, for plaintiff in error.

Bonner, Storey & Storey, of Vernon, for defendant in error.

CHAPMAN, J. In June, 1920, C. E. Foster purchased from one Kitchen, guardian, two certain lots situated in Odell, Wilbarger county, and on which were two business houses. As a part of the consideration, Foster executed in favor of Kitchen, guardian, four vendor's lien notes of $750 each. Foster conducted a mercantile business in one or both of the houses and a short time prior to February, 1921, he made to Sanger Bros. a general assignment of his assets for the benefit of his creditors, and in February, 1921, was declared a bankrupt, and M. E. Stevens of Wichita Falls was appointed trustee in bankruptcy. Stevens testified that he did not take charge of the buildings above mentioned for the reason that upon investigation he determined that the incumbrance was more than the buildings were worth and that he disclaimed as to the buildings, but there is nothing in the record to show when this disclaimer was made by him. Prior to the date of the assignment made by Foster, one Ross, as agent of Kitchen, had taken out a policy with one Hart, agent of plaintiff in error Insurance Company, for the protection of Kitchen's interest in the property. This policy was to expire March 9, 1921, and a few days prior thereto Hart, the agent of the Insurance Company, went to Ross, the agent of Kitchen, and informed him of the date of the expiration of the policy. It was agreed between Ross and Hart that a new policy should be issued upon the date of the expiration of the old policy, but it seems that neither of them knew who owned the property at that time. One Crane was occupying the building for mercantile purposes. It was agreed between Ross and Hart that they would see Crane with reference to the ownership and together they went to see him. Crane informed Ross and Hart that he had bought the building from Sanger Bros., but had not received his deed, and suggested that when he received the deed he would pay to Ross the amount of the premium that Ross was to pay Hart for the new policy. Upon this information, Hart, as agent of the Insurance Company, wrote the new policy with Crane as owner and with a clause protecting the interest of Kitchen as it might appear. Crane never received a deed to the property, and was dead at the time of the trial, and it is not disclosed as to the kind of contract for the purchase of the property that he had with Sanger Bros. The record does not disclose that any other change was made in the title to or occupancy of the premises prior to the fire which occurred in December, 1921. Hart, the agent, testified that at the time he wrote the new policy he knew that Foster had made an assignment. While Crane occupied one of the two buildings located on the lots, he collected rents on the other building and during that time made some substantial improvements on the lots. Kitchen, as guardian, brought suit against the Insurance Company on the policy, and it clearly appeared in the trial that his interests amounted to more than the full amount of the policy. Judgment was rendered in favor of Kitchen on the ground that the agent had waived the sole ownership clause, and on appeal to the Court of Civil Appeals at Amarillo this judgment was affirmed. 256 S. W. 940. Plaintiff in error, for the first time in the Court of Civil Ap-

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied June 10, 1925.

peals, as an assignment of fundamental error, and here now, raises the proposition that the Insurance Company could not waive the provision of a statutory fire policy providing that the insured should be the unconditional and sole owner of the property.

[1, 2] In discussing this proposition it will be taken that the policy was a Texas standard policy such as was promulgated by the State Insurance Commission. Such a policy is not a statutory policy in the sense that its terms were provided and prescribed by direct legislative enactment, but is a policy to be prescribed by the Insurance Commission in its capacity as an administrative body, and in preparing the form of policy to be used, the Commission well knew that they could not prepare a form that would meet every condition that would arise, and it well knew that the different provisions of the policy, and especially the one under consideration, had been given judicial construction and that the courts had passed on cases where the conditions and facts were practically the same as those in the instant case, and it will be presumed that the Insurance Commission, in preparing the form for policies, did so in the light of the judicial construction that had already been given to different provisions of the policy and that they prepared a Texas standard form with the belief that when conditions arose such as those in the instant case, the same construction would be placed on the provision under consideration that had theretofore been given it by the courts, and the Legislature, in delegating to the Insurance Commission the authority to prepare a standard policy, must have also had in mind that a policy could not be prepared that would meet every condition, and to meet such contingencies the Legislature, as a part of the insurance act, made the following provision, which we think is within itself a sufficient answer to the proposition under consideration:

"* * * Provided, however, that if any agent of [or] company shall issue a policy without authority, and any policy holder holding such policy shall sustain a loss or damage thereunder, said company or companies shall be liable to the policy holder thereunder, in the same manner and to the same extent as if said company had been authorized to issue said policies, although the company issued said policy in violation of the provisions of· this act." Vernon's Sayles' Ann. Civ. St. 1914, art. 4896.

[3] Plaintiff in error pleaded the provision of the policy that it should be void if the interest of the insured in the property be other than the unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple. · The facts show that the insured, Crane, was not the owner of the fee-simple title to the property at the time ·the insurance policy was issued, ·but defendant in error claims that under the facts of this case the agent of the Insurance Company waived this provision at the time he wrote the policy. The facts clearly show that when Hart and Ross had their conversation with Crane as to the ownership of the property, they were informed that Crane was not the fee-simple owner of the title to the property, but that he had contracted for the property and had not yet received his deed, and in our opinion, under the authorities as we construe ·them, the act of the agent in designating Crane as the owner of the property, when he knew that he was ·not the owner of the fee-simple title, was a waiver by the agent of the clause under consideration. The general proposition of law on this question is stated in Wood on Fire Insurance,. vol. 2, p. 1161, in this language:

"The insurer is estopped from setting up the breach of any condition of the policy, when, at the time of its issue, it knew that the condition was inconsistent with the facts, and the assured has been guilty of no fraud." · ,,

And by May on Insurance, § 497, p. 1182, as follows:

"To deliver a policy with full knowledge of facts upon which its validity may be disputed, and then to insist upon these facts as ground of avoidance, is to attempt a fraud. This the courts will neither aid nor presume; and when the alternative is to find this, or to find that, in accordance with honesty and fair dealing, there was an intent to waive the known ground of avoidance, they will choose the latter."

The principle stated in these two extracts from texts is sustained·by the Supreme Court of Texas in the following opinions: L. & L. & G. Ins. Co. v. Ende, 65 Tex. 118; Ætna Ins. Co. v. Holcomb, 89 Tex. 404, 34 S. W. 915; Wagner v. Ins. ·Co., 92 Tex. 549, 50 S. W. 569; National Fire Ins. Co. of Hartford v. Carter (Tex. Com. App.) 257 S. W. 531.

We recommend that the judgment of the district court and the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.