## AMERICAN CENTRAL INS. CO. v. BU-
## CHANAN–VAUGHAN AUTO CO.*
### (No. 644-4117.)

(Commission of Appeals of Texas, Section A.
May 6, 1925.)

1. **Insurance ⊚⎯378(3)—Insurer held to have waived provision as to usual place of storage of destroyed cars.**

Where general insurance agent knew, at time policy and certificates on automobiles were issued, that all automobiles were not at place designated as usual place of storage, but that some were stored at a different place, *held*, that, since provision as to usual storage place could be waived, acts of agent, with full knowledge, constituted a waiver of such provision.

2. **Insurance ⊚⎯372—Agent may waive conditions of statutory open fire and theft policy covering automobiles.**

That a dealer's open fire and theft policy covering automobiles is a statutory policy under the insurance laws does not prevent the insurance agent from waiving any of the conditions of the policy.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by the Buchanan-Vaughan Auto Company against the American Central Insurance Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (256 S. W. 610), and defendant brings error. Affirmed.

E. G. Senter and Claude Westerfeld, both of Dallas, for plaintiff in error.

Jno. M. Scott, Com'r of Insurance, of Austin, for interveners.

A. L. Burford, of Texarkana, for defendant in error.

CHAPMAN, J. Defendant in error, hereafter referred to as the Auto Company, brought suit against plaintiff in error, hereafter referred to as the Insurance Company, on a dealer's open fire and theft insurance policy for the loss of eight automobiles belonging to the Auto Company, alleged to have been destroyed while in a storage room at El Dorado, Ark., and described by eight certificates issued by the agent of the Insurance Company as provided in the policy. The Insurance Company resisted payment on the grounds that the cars that were burned were at the time of the fire stored at a different place from that stated in the policy as the usual place of storage and that the policy was a statutory one provided by the Insurance Commission of the State of Texas, and therefore the agent of the Insurance Company could not waive any of the stipulations of the policy. Judgment was rendered in the district court for the full amount of the insurance on the automobiles that were burned, which judgment was af-

firmed by the Court of Civil Appeals at Texarkana. 256 S. W. 610. The facts found by the Court of Civil Appeals are as follows:

"The facts show that the appellee is a private corporation, and at the time the policy was issued was engaged in selling new and second-hand automobiles. Its principal place of business, where most of its cars were stored, was a garage at 322 Pine street, Texarkana, Tex. Appellee also had a branch office and place of business, where some of its cars were stored, at El Dorado, Ark., the place where the fire occurred which caused the loss. The policy sued on is what is called a 'dealer's open policy,' and insured the appellee against direct loss or damage by fire while the property covered was within the limits of the United States and Canada and in any of the buildings or on the road or in railroad cars or other conveyances. The rate of insurance on the automobiles was $1.55 per hundred, based upon the usual storage location, which was stated at 322 Pine street, Texarkana, Tex. The policy further provided that—

"The insurance on each automobile 'shall be evidenced by proper entries in a passbook provided for the purpose, or a certificate issued thereunder; and such entries or certificate to state the storage location of the automobiles covered by the policy.'

"The policy itself did not describe any property or state its insured value. These detailed stipulations are found in the certificates issued describing the cars then in stock, and other certificates issued as other cars were added to the stock thereafter. The following is a sample certificate:

" 'American Central Insurance Company, 810 Olive St., St. Louis, Mo. Open Policy No. 80139, Certificate No. 35104. Automobile certificate (for Assured).

" 'Date of Attachment Feb. 22, 1922.

" 'This certifies, that Buchanan-Vaughan Auto Company is insured under the terms of above open policy to the amount of eleven hundred fifty and no/100 dollars, on automobile (factory) No. 533170. Name Studebaker. Type (touring, roadster, etc.) touring. Year-model 1922. List price $1,473.00. Cost to assured $1,509.04. New or sec.-hand, new. If secondhand give date of purchase by dealer. Usual storage location 322 Pine St., Texarkana. Contents fire rate of building in which car is stored $1.55. (To include theft, add 25¢ to fire rate.) Loss, if any, payable to no exceptions. This certificate expires May 22, 1922. Premium, $———. B. G. Chapman, Jr., President.

" 'Harold M. Hess, Secretary.

" 'Not valid unless countersigned by the duly authorized agent of this company at Texarkana, Texas, 1526.

" 'F. W. Offenhauser & Co., Agent.'

"The certificates were to be attached to the policy and become a part of the insurance contract. Each car in the stock covered by those certificates was described in daily reports made from time to time by Offenhauser & Co., appellant's local agents at Texarkana, to its state agents at Houston, Tex. These reports contained the statement that the usual storage location of the cars described was at 322 Pine street, Texarkana. This was done although some of the cars described were at the time at

El Dorado, Ark. Two of the cars destroyed by fire had never been in Texarkana, but the others had been carried from Texarkana to El Dorado, and were kept at that place temporarily, it is claimed, for sale. El Dorado is about 115 miles from Texarkana, and it was the custom of the appellee to carry cars back and forth between those two places. About 90 per cent. of its stock was kept at Texarkana.

"It is conceded that appellant's agents, Offenhauser & Co., knew of those two different locations in appellee's business operations. They also knew that some of the cars which were described in the certificates issued were at the time probably in El Dorado. No misrepresentations were made by the insured, nor were any material facts concealed from appellant's agents, Offenhauser & Co. The evidence justifies the conclusion that there was no fraud perpetrated by the insured, nor was there any collusion between its agents and Offenhauser & Co. According to the appellee's evidence, its managing officer, who contracted for the insurance, did not read the policy in full or examine the certificates at the time they were delivered to him. He did not know what place was named as the usual storage location. He told appellant's agents all about his stock and where it was kept, and that he wanted it covered by an insurance policy. He did not stipulate for any particular rate, and did not know what rate was proper or what was charged. He paid whatever bill was presented."

The trial court did not state upon what theory it found in favor of the Auto Company. Under the facts stated, it clearly appears that the agent of the Insurance Company knew exactly how the Auto Company carried on its business, and where it usually kept its automobiles, and that it kept a few cars at El Dorado, Ark., and that he, the agent, undertook to insure all the cars of the Auto Company wherever they were, and that the agent considered the principal place of business of the Auto Company at Texarkana, Tex., as the place where the cars that he insured were usually stored, as stated in the certificate prepared by him. The burden of proof being on the Insurance Company to show that Texarkana was not the usual place of storage of the cars that burned, and there being no proof as to how long any of them had been in El Dorado, except one witness testified that they had not been there long, the trial judge would have been justified under all the facts in finding that Texarkana was the usual place of storage, and the fact that some of the cars had never been at Texarkana would not preclude this finding, for the insurance agent knew from the conduct of the Auto Company's business that it traded for some cars at El Dorado.

[1] If it be conceded that Texarkana was not the usual place of storage of the cars that were burned at El Dorado, then was the stipulation in the policy that 322 Pine street, Texarkana, Tex., was to be the usual place of storage, and the statement in the certificate, "Usual storage location 322 Pine St., Texarkana," such conditions as could be waived by the insurance agent, and, if so, were they waived by him? There is no question about agents such as those in this case having the authority to bind the insurance company on a waiver that can be made. Wagner & Chabot v. Fire Ins. Co., 92 Tex. 549, 50 S. W. 569. The facts are clear that the insurance agent knew of the branch house at El Dorado at the time the policy and the certificates were issued, and that the understanding between the agent and the insured was that all of the cars of the Auto Company within its trade territory, including those at El Dorado, should be covered by the policy and the certificates, and that when the Auto Company furnished the usual information upon which to issue certificate, it always gave him the exact location of the car, as to whether it was then at Texarkana or El Dorado. The Supreme Court of Georgia, under a policy like the one in the instant case, held that where the agent issued the certificate showing the usual place of storage of the car to be that mentioned in the policy, when he knew at the time that the car was stored at a different place, was a waiver of the condition in the policy that a misstatement of the usual place of storage would render the policy void. The exact language used by the Georgia court in L. L. & G. Ins. Co. v. Georgia Auto & Supply Co., 29 Ga. App. 334, 115 S. E. 138, is as follows:

"In the instant case it is set forth in the amendment to the petition that at the very time the certificates were issued the defendant was informed that the cars were not at the place which the certificates indicate, but that some of them had already been removed, and that the remainder were at that time being removed. In this case, according to the allegations, the insurer issued the certificates with actual knowledge to itself through its agent that the statement therein set forth with reference to the location was not true. Accordingly, in the language of the Evans case, since the policy was 'issued with knowledge of a fact or condition which by a stipulation in the contract would render it void, the insurer is held to have waived the existence of such fact or condition in its application to the provisions of the policy.'"

Under the ruling in the Georgia Case, and under our holding in the recent case of St. Paul Fire & Marine Ins. Co. v. H. W. Kitchen, Guardian (not yet [officially] reported) 271 S. W. 893, and under the authorities there cited, we are of the opinion that the stipulation as to the usual place of storage was such condition that could be waived by the agent, and that he should be held to have waived it by acting with full knowledge of all the facts as hereinbefore set forth.

[2] Plaintiff in error insists that the insurance agent could not bind the insurance company to pay for cars that were destroyed by fire at El Dorado because it was in another state. The agent of the Insurance Company testified that he had authority direct from the company to write insurance both in Tex-

as and Arkansas, but it is not clear that the Insurance Company was at the date of the issuance of the policy in this case writing auto fire insurance in Arkansas. The proof shows that the trade territory of the Auto Company extended far into Arkansas and that they took their cars from Texas into this territory for the purpose of making sales and trades, and we understand the policy to cover cars when taken into the territory in Arkansas for this purpose, and the fact that cars were temporarily kept in storage at El Dorado for the convenience of the Auto Company in that part of its trade territory would not affect this protection under the policy.

The issue is raised by plaintiff in error as fundamental error that the insurance agent could not waive any of the conditions of the policy for the reason that it was a statutory policy under the Texas insurance laws. This same question was raised in the case of St. Paul Fire & Marine Ins. Co. v. H. W. Kitchen, Guardian, above mentioned, and in that case we held against the contention of plaintiff in error on this question.

Other questions were raised by the plaintiff in error in the Court of Civil Appeals, but we think they were properly disposed of by that court.

We recommend that the judgment of the trial court and the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.