## AMERICAN NAT. INS. CO. v. WIGGINS et al. (No. 1642.)

Court of Civil Appeals of Texas. Beaumont. March 8, 1928.

**1. Insurance ⊕136(4)—Stipulation in policy requiring good health of insured on date policy is delivered is valid.**

Stipulation in a life or health insurance policy to effect that no obligation shall exist against insurer, unless the insured is in good health on date policy is delivered, is valid.

**2. Insurance ⊕136(4)—In absence of estoppel or waiver, insurer is not liable under policy requiring good health of insured in case insured is not in good health.**

Under policy requiring insured to be in good health on date policy is delivered, policy does not become effective and no liability attaches thereunder in case insured is not in good health on date of delivery, unless insurer is estopped from urging such defense or waives such stipulation.

**3. Insurance ⊕392(1)—Insurer·accepting premiums after disclosure of insured's true physical condition, was estopped to assert defense under clause requiring good health of insured.**

Insurer under nonmedical insurance policy accepting premiums from insured after a full and complete disclosure to insurer of true physical condition, thereby inducing insured to

believe and rely on fact that insurer would pay sum of policy in event of death to beneficiary, was estopped to assert defense under provision of policy requiring insured to be in good health on date policy was delivered.

Appeal from Hardin County Court; A. L. Bevil, Judge.

Suit by Elyot Wiggins and husband against the American National Insurance Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Conley, Renfro & Keen, of Beaumont, for appellant.

Smith, Crawford & Combs, of Beaumont, for appellees.

WALKER, J. This was a suit by appellee Elyot Wiggins, as beneficiary of a nonmedical insurance policy issued by appellant on the life of Arleavy Smith. The policy was for $280. Judgment was rendered in favor of appellee for the relief prayed for.

The case is before us on conclusions of fact and law, without a statement of facts. Appellant defended on the ground that the policy was not to become effective unless the insured on the date of its delivery was "in good health," and, as a defense under that condition of the policy, pleaded she was not in good health on the date the policy was delivered.

Appellee replied by plea of estoppel, to the effect that the insured gave appellant's agent and inspector a full and true statement of the condition of her health; that he made due report of these facts to appellant, and with knowledge of the true state of the health of the insured, the policy was executed and delivered and subsequent premiums collected as they matured to the date of her death.

The court found that the policy contained the standard provision that no obligation was to exist on account of the delivery of the policy unless on said date the insured was "in good health, any statement of any agent to the contrary notwithstanding." The court further found in support of the plea of estoppel that the insured, Arleavy Smith, gave a fair and accurate statement of her physical condition to the agent and inspector of appellant at the time the application was taken; that it was the duty of these agents to determine to the best of their knowledge and ability the physical condition of the insured, and "to make report of same to the insurance company, and that the agent and inspector complied with their duty in this case"; that appellant did not require the insured to submit to medical examination, but issued the policy without examination; that the insured never received a copy of the application; that with the knowledge of the true condition of the health of insured the policy was executed and delivered, and that appellant collected the weekly premiums on the policy from the date of its execution and delivery until her death. On these conclusions of fact the court made the following conclusion of law in support of its judgment:

"The American National Insurance Company having induced the said Arleavy Smith to make payment of premiums and having issued said policy of insurance it accepted premiums thereon from said Arleavy Smith after a full and complete disclosure by her to said company of her true physical condition and the insurance company having by its own act induced the said Arleavy Smith to believe and rely upon the fact that it, the said company, would pay the sum of $280 in the event of her death to the beneficiary named in said policy, said insurance company is estopped to plead the condition of health of said Arleavy Smith at the time of making of her application and at the time of the delivery of her policy as a defense to plaintiff's cause of action."

[1-3] The stipulation in a life or health insurance policy to the effect that no obligation shall exist against the insurer unless the insured is "in good health" on the date the policy is delivered, is valid. In such a case if at the time the policy is delivered the insured is not in fact "in good health," the policy does not become effective and no liability attaches thereunder, and the insurer may defeat recovery thereon by pleading and proving such facts, unless he be estopped from urging such defense or waives said stipulation. Southern Surety Co. v. Benton (Tex. Com. App.) 280 S. W. 551; American National Insurance Co. v. McKellar (Tex. Civ. App.) 295 S. W. 628, and authorities therein cited. In the Benton Case it was affirmatively stated by the Commission of Appeals that the stipulation of the policy relied upon in this case as a defense against liability could be waived, and that the insurer could be estopped from asserting it. The facts found by the trial court fully support the plea of estoppel. It was said by the Supreme Court of the State, speaking through Judge Stayton, in Wagner v. Insurance Co., 92 Tex. 549, 50 S. W. 569:

"To deliver a policy with full knowledge of facts upon which its validity may be disputed, and then to insist upon these facts as grounds of avoidance, is to attempt a fraud. This the courts will neither aid nor presume; and when the alternative is to find this, or to find that, in accordance with honesty and fair dealing, there was an intent to waive the known ground of avoidance, they will choose the latter. Such an issue is tantamount to an assertion that the policy is valid at the time of delivery and is a waiver of the known ground of invalidity."

In the Benton Case relied upon by appellant, the Commission of Appeals found that the soliciting agent, Harris, had no authority from his company except to solicit and receive applications for insurance and forward them to the company, and to deliver

such policies as might be issued by his company on the applications forwarded by him and to collect the initial premium thereon and forward same to his company. In this case the trial court found that it was the duty of the inspector to solicit the information that was actually given him by Arleavy Smith and to report such information to his principal, and that he complied with his duty in this case. This constitutes a clear distinction between these two cases.

On the conclusion that the appellant was estopped to assert the defense relied upon, the judgment of the trial court is affirmed.